## S89A0543. CHAPMAN v. THE STATE.
(386 SE2d 129)

Gregory, Justice.

Appellant Robin Paige Chapman appeals her jury conviction of one count of felony murder. The trial judge sentenced her to life imprisonment. Chapman raises six enumerations of error. We affirm.[1]

1. In construing the evidence, the jury could have found the following facts:

Chapman and the deceased married in December 1985 after a 5 ½-year courtship. During the courtship and their marriage, the deceased would frequently beat Chapman, and he would apologize and say that he would not do it again. Two days before his death, the deceased attacked Chapman in front of two witnesses. He hit her and threatened to kill her. On the day of his death, Chapman closed out her bank account, bought a pistol at a pawn shop, bought bullets at another store, loaded the pistol, picked up her husband from work, and drove him home. Chapman testified that her husband became angry because she had purchased some new clothes. He beat her again, then went into the bathroom. While he was in the shower, she returned to the car, retrieved the hidden pistol, and shot the deceased at least three times. Before she shot him, Chapman told her deceased husband that he was not going to hit her again. Chapman then drove to a limousine company and rented a limousine to the airport. On the

---

[1] This is the second appearance of this case. In *Chapman v. State,* 258 Ga. 214 (367 SE2d 541) (1988), we reversed Chapman's first conviction. This case was retried only as to the felony murder count on April 27-28, 1989. Chapman was sentenced to life imprisonment on April 28, 1989. This case was argued before this Court on November 13, 1989.

way there, she told the driver she was in trouble and to turn around and take her to the police station.

We find that a rational trier of fact could have found Chapman guilty of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the trial, the trial court refused to admit a probate court's order of committal and a superior court's orders that the deceased refrain from violent behavior. Chapman argues that in light of our previous decision in this case, *Chapman v. State*, 258 Ga. 214, 215-16 (367 SE2d 541) (1988), this was error because the orders were evidence of the deceased's reputation for violence. We do not agree.

As we set out in our previous decision, a victim's character is inadmissible unless the defendant makes out a prima facie case of self defense, which was done in this case by evidence of the Battered Woman Syndrome. See id. Although a deceased's character may be shown through evidence of his general reputation in the community, evidence of specific bad acts are not generally admissible. *Music v. State*, 244 Ga. 832 (1) (262 SE2d 128) (1979). In contrast to the testimony of Chapman's witnesses as to the deceased's general reputation for violence, the documents Chapman sought to introduce were replete with evidence of specific bad acts and were thus inadmissible. Although Chapman correctly points out that there are cases holding that evidence of specific bad acts showing the deceased was more likely than not the aggressor is admissible, e.g., *House v. State*, 252 Ga. 409, 413 (314 SE2d 195) (1984), she fails to heed the limitation that this exception applies only to those acts involving the defendant. Therefore, the exception does not apply in the case sub judice because there was no evidence suggesting the deceased's specific bad acts were directed towards her.[2]

3. Chapman contends the trial court erred in not giving her requested charge on the felony of Terroristic Threats and on the State's burden when an affirmative defense is raised. We find no error because the court charged the general principles of law contained in the requested charges although the exact language requested was not used. *Strickland v. State*, 250 Ga. 624, 627 (6) (300 SE2d 156) (1983).

4. Chapman raises as error the trial court's refusal to give her requested charge on the Battered Woman Syndrome. She contends that the Battered Woman Syndrome is a defense and she was entitled to a charge on that syndrome. Although evidence of the syndrome is admissible, *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981), it is not a separate defense. See *Motes v. State*, 192 Ga. App. 302, 304

---

[2] None of the specific bad acts contained in the courts' orders were similar to the deceased's alleged behavior at the time of the shooting. Compare *Lolley v. State,* 259 Ga. 605 (_____ SE2d _____) (1989) (Gregory, J., dissenting).

(384 SE2d 463) (1989). Rather, evidence of the syndrome is admissible in an attempt to show that the defendant had a mental state necessary for the defense of justification although the actual threat of harm does not immediately precede the homicide. The trial court gave a full and fair charge on Chapman's justification defense, thus there was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 1989 —
RECONSIDERATION DENIED DECEMBER 20, 1989.

*Robert E. Andrews*, for appellant.

*C. Andrew Fuller*, District Attorney, *Lee Darragh*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Richard C. Litwin*, for appellee.