## S90A1627. PUGH v. THE STATE.
(401 SE2d 270)

CLARKE, Chief Justice.

Sandra Pugh was convicted of killing her husband and sentenced to life imprisonment.[1] Her sole defense at trial was that she killed her husband because she was a victim of battered woman syndrome.

Appellant testified at trial that she had been severely abused throughout the seven years of her marriage to the victim. She testified that she and the victim were both drinking on the night of the shoot-

---

[1] This is the second appeal in this case. The crime was committed February 11, 1988. Appellant was initially indicted for voluntary manslaughter. The trial court granted the state's motion in limine to preclude her defense of battered woman syndrome because she had not complied with Uniform Superior Court Rule 31.4, "Notice of Intention of Defense to Raise Issue of Insanity, Mental Illness or Mental Competency." In April 1989, the Court of Appeals found that battered woman syndrome was a separate issue. While evidence of it might be applicable to a defense of insanity, mental illness or incompetency, the evidence could not be barred because of failure to comply with Rule 31.4 when the defense to which evidence of battered woman syndrome was applicable was justification. *Pugh v. State*, 191 Ga. App. 394 (382 SE2d 143) (1989).

In July, appellant was indicted for malice murder. She was tried, convicted, and given a life sentence in October 1989. A notice of appeal was filed November 16, 1989. The transcript was certified March 13, 1990. The appeal was docketed in this court September 13, 1990 and submitted for opinion October 26, 1990.

ing. She said that he came into the bedroom after she was in bed, began to beat her up, and kicked her out of the bed. She did not deny shooting him but testified that she did not remember the events surrounding the shooting.

A female deputy was present when appellant was examined by a doctor after complaining of a cold four to five days after her arrest. The deputy testified that she had two small bruises the size of a dime. A nephew of the victim, who was also a neighbor, testified that he had never seen any sign that the victim had abused appellant. The former wife of the victim testified that the victim had never abused her. The daughter of the victim testified that appellant had too much to drink on several occasions when with the daughter and that appellant voluntarily refilled the victim's drink when a visitor in the daughter's house.

Several witnesses for the defense testified that they had seen bruises on the appellant. The director of a battered women's shelter testified that in her opinion appellant exhibited battered woman syndrome.

Appellant raises two enumerations of error: 1) her expert witness was not allowed to testify to the ultimate issue in the case: whether Pugh shot the victim to defend herself; 2) the trial court did not give her requested charges on battered woman syndrome as it relates to self defense and justification.

1. Reviewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found appellant guilty of the crime for which she was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The first enumeration of error deals with the trial court's sustaining the state's objection to part of the following question addressed to appellant's expert witness:

Mrs. Christian, based on your interviews with Mrs. Pugh, your training and professional experience, and in having concluded that Mrs. Pugh was suffering from the battered woman syndrome, state whether or not in your professional opinion that Sandra Pugh honestly believed her life was in eminent [sic] danger and that the deceased Mr. Pugh was going to kill her and that she shot the deceased in order to defend herself?

The trial court allowed the question except for the last clause: "and that she shot the deceased in order to defend herself." Appellant argues that under *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981), this part of the question should have been allowed. She contends that

even though it was the "ultimate question," it was not a conclusion jurors could ordinarily draw for themselves. In *Smith v. State*, supra, we held that

> . . . Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman.

Id. at 619. In *Smith*, supra, the testimony at issue was the opinion of the expert that the defendant exhibited the characteristics of battered woman syndrome.

Here, the trial judge would not allow a question to the expert witness as to whether appellant shot her husband in order to defend herself. We affirm the trial court's exclusion of this question. Whether the appellant shot her husband in self defense is not a question outside the ken of the average juror. Consequently, it is not a proper subject for expert testimony. See *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987).

3. Appellant complains that the court did not give her Requests to Charge Nos. 20 and 21. Request No. 20 contained language from this court's opinion in *Chapman v. State*, 258 Ga. 214, 216 (367 SE2d 541) (1988):

> Expert testimony regarding the battered woman syndrome authorizes a jury to find that, notwithstanding any lapse in time since the husband's last assault, the defendant honestly was trying to defend herself although her husband was not at the moment physically attacking her, for example when she shot her husband while he was sleeping or, as here, bathing.

The charge requested by appellant substituted "for example when she shot him he was bathing or, as here, sleeping" in order to conform to the facts here. The quoted language has never been approved as a charge and was not, in fact, a charge in *Chapman*. The trial judge here refused to give the requested charge but found that it was something which could be argued to the jury during closing argument.

Request No. 22 deals with battered woman syndrome as part of the defense of justification. The state argues that Request No. 22 was not charged because it was covered by a pattern charge.

We held in *Chapman v. State*, 259 Ga. 706 (386 SE2d 129) (1989), that while evidence of battered woman syndrome may be presented to the jury in an appropriate case, it is not a separate defense but is part of the defense of justification. Therefore, no separate charge need be given on this issue. There was a complete charge given

in this case on justification. There was no error in the court's refusing to give the two requested charges on battered woman syndrome.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 1991.

*Harry M. Moseley,* for appellant.
*Garry T. Moss, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.