## S95A1004. SMITH v. THE STATE.

(458 SE2d 347)

CARLEY, Justice.

After a jury trial, Mrs. Marguerite Smith was found guilty of the malice murder of her husband. She appeals from the judgment of conviction and life sentence entered by the trial court on the jury's guilty verdict.[1]

1. After her arrest and consultation with counsel, Mrs. Smith gave a statement to police officers. Citing *Minnick v. Mississippi*, 498 U. S. 146 (111 SC 486, 112 LE2d 489) (1990), she urges that this post-arrest statement was erroneously admitted into evidence.

In *Edwards v. Arizona*, 451 U. S. 477, 484 (II) (101 SC 1880, 68 LE2d 378) (1981), the Supreme Court of the United States held that an accused who has invoked his right to counsel is not subject to further interrogation until counsel has been made available to him, "unless the accused himself initiates further communication, exchanges, or conversations with the police." In *Minnick*, supra at 150, it subsequently was held that the "protection of *Edwards* is not terminated or suspended by consultation with counsel." In so holding, however, the Supreme Court reaffirmed the principle that "*Edwards* does not foreclose finding a waiver of Fifth Amendment protections after counsel has been requested, provided the accused has initiated the conversation or discussions with the authorities. . . ." *Minnick v. Mississippi*, supra at 156.

At the *Jackson-Denno* hearing that was held to determine the admissibility of Mrs. Smith's statement, the State produced undis-

---

[1] The homicide occurred on January 14, 1990 and Mrs. Smith was indicted on April 30, 1990. The guilty verdict was returned on August 8, 1991 and, on that same date, the judgment of conviction and life sentence were entered thereon. Mrs. Smith's motion for new trial was filed on September 5, 1991 and was denied on January 3, 1995. The notice of appeal was filed on February 2, 1995 and the case was docketed in this court on March 22, 1995. The case was submitted for decision on May 15, 1995.

puted evidence that the statement was a mere spontaneous utterance and had not been elicited by any interrogation. It follows that the trial court correctly held that Mrs. Smith's statement was admissible. *Ward v. State*, 262 Ga. 293, 298 (9) (417 SE2d 130) (1992).

2. The trial court's failure to give specific charges with regard to the "battered woman syndrome" is enumerated as error.

No written requests to charge on the "battered woman syndrome" were submitted. Moreover, that syndrome "is not a separate defense. [Cit.]" *Chapman v. State*, 259 Ga. 706, 707 (4) (386 SE2d 129) (1989). Evidence of the syndrome is admissible as relevant to the defense of justification and here "[t]he trial court gave a full and fair charge on [Mrs. Smith's] justification defense, thus there was no error." *Chapman v. State*, supra at 708 (4).

3. Citing *Head v. State*, 262 Ga. 795, 798 (5) (426 SE2d 547) (1993) and *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992), Mrs. Smith enumerates as error the trial court's charge on manslaughter as a lesser included offense.

Neither *Head* nor *Edge* has any applicability here, since Mrs. Smith was tried for and found guilty of malice, rather than felony, murder. *McGill v. State*, 263 Ga. 81, 82 (3) (428 SE2d 341) (1993). No written requests to charge on manslaughter as a lesser included offense were submitted and, even if such requests had been made, a review of the charge as given shows that there was no error. See generally *Mullis v. State*, 248 Ga. 338, 340 (7) (282 SE2d 334) (1981); *White v. State*, 242 Ga. 21, 22 (6) (247 SE2d 759) (1978).

4. The testimony of an eyewitness, as well as Mrs. Smith's own post-arrest statement, would authorize a finding that she fatally shot her husband under such circumstances as would constitute malice murder. Accordingly, the evidence was sufficient to authorize a rational trier of fact to find proof of her guilt of that crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Mrs. Smith urges that "the evidence was sufficiently close to warrant a retrial."

An appellate court reviews the sufficiency of the evidence, not its weight. The trial court found that the verdict of Mrs. Smith's guilt of malice murder was not against the weight of the evidence and, as discussed in Division 4, the evidence was sufficient to authorize that verdict. Accordingly, this enumeration of error is without merit. *Willis v. State*, 263 Ga. 597 (1) (436 SE2d 204) (1993).

6. In her remaining enumeration of error, Mrs. Smith urges that she was denied her right to effective trial counsel.

The record shows that, although Mrs. Smith's appellate counsel timely raised this issue in the motion for new trial, no effort was made to produce any evidence at the hearing on that motion which would

authorize a finding that it was a meritorious ground. Thus, Mrs. Smith failed to meet her burden of overcoming "the strong presumption that trial counsel's performance ' "falls within the wide range of reasonable professional assistance. . . ." ' [Cit.]" *Stewart v. State*, 263 Ga. 843, 846 (6) (440 SE2d 452) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1995.

*Martin S. Jackel*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General*, for appellee.