## A96A1238. SMITH v. THE STATE.
(474 SE2d 291)

Judge Harold R. Banke.

Vernita Michelle Smith was convicted of manslaughter after she shot her husband. On appeal, she challenges the sufficiency of the evidence and the trial court's refusal to charge the jury on the battered person syndrome, her sole defense.

The evidence supporting the verdict shows that Smith and her husband had been fighting on the day the shooting occurred. He hit her in the mouth, which caused her to inadvertently break a bottle of medicine she was retrieving for her sick child. After Smith went to her bedroom to get the child's Medicaid card, her husband struck her in the head a second time and threatened to kill her. As Smith retrieved a gun from a cabinet, her husband turned away and walked down the hall. At that point, Smith fired one shot into his arm and chest. Smith gave the foregoing statement to police officers shortly after her arrest. Detectives found a shell casing in the hallway and a bag containing the husband's clothing by the front door which Smith admitted her husband had packed, intending to leave. The State also presented evidence that Smith ordinarily kept the gun in her car. According to Smith, her husband was approximately five and one-half feet away when she fired. *Held*:

1. The evidence, viewed in the light most favorable to the verdict, is sufficient for a rational trier of fact to find all the essential elements of the crime. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The elements of manslaughter are satisfied with proof the accused caused the death of another under circumstances which would otherwise be murder but for the fact that she acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a); *Thomas v. State,* 184 Ga. App. 131, 132 (2) (361 SE2d 21) (1987). " 'The distinguishing characteristic between voluntary manslaughter and justifiable homicide is that the accused was so influenced and excited that [s]he reacted passionately rather than simply to defend [her]self. (Cit.)' . . . 'The fear of some danger can be sufficient provocation to excite

the passion necessary for voluntary manslaughter. [Cit.]' " *Mitchell v. State*, 199 Ga. App. 159, 160-161 (404 SE2d 329) (1991). The evidence that Smith shot her husband after he hit her and was walking away is sufficient to support the verdict.

2. The trial court did not commit reversible error by refusing to give Smith's requested jury charges on the battered person syndrome. Our cases construing the battered person syndrome consistently hold that it is not a separate defense, but falls within the ambit of the justification defense. *Pugh v. State*, 260 Ga. 874, 876 (3) (401 SE2d 270) (1991). This construction is not universally embraced. It has been noted that the standard charge on justification cannot adequately permit a jury to consider a properly asserted defense of battered person syndrome because such a charge instructs that the accused must reasonably believe that the force used was necessary to protect herself from imminent bodily harm while the battered person syndrome defense can turn on the fact that the accused has become so deeply troubled that she cannot objectively determine whether harm is "imminent." *Chester v. State*, 267 Ga. 9 (471 SE2d 836) (1996) (Sears, J., concurring specially). However, because the trial court gave a complete charge on justification, binding authority compels us to find that a charge on the battered person syndrome was not required. *Pugh v. State*, 260 Ga. at 876.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 5, 1996 —

*Lettie E. Lane*, for appellant.

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.