## S96G1914. SMITH v. THE STATE.
### (486 SE2d 819)

THOMPSON, Justice.

Vernita Smith, charged with malice murder, was convicted of voluntary manslaughter in the shooting death of her husband. The Court of Appeals rejected defendant's assertion that the trial court committed reversible error in refusing to give her requested jury instructions on the battered woman syndrome. *Smith v. State*, 222 Ga. App. 412 (2) (474 SE2d 291) (1996). We granted certiorari to consider whether, and under what circumstances, a defendant is entitled to a charge on the battered person syndrome, separate and apart from the general charge on justification.

Defendant testified that her husband beat her repeatedly during the course of their 18-month marriage. He frequently held a gun to her head and threatened to kill her and abscond with her child. On one occasion he choked her until she lost consciousness and had to be revived. Another time he wrapped a lamp cord tightly around her neck and stopped choking her only when her brother appeared and pulled him away. Defendant summoned the police on a dozen occasions, and left her husband twice because of the abuse. She returned each time after he expressed remorse and promised he would not repeat the misconduct. Several other witnesses testified about defendant's relationship with her husband, his abusive conduct

toward her, and the beatings and threats he inflicted upon her.

On the day of the shooting, defendant's husband became enraged with her because he had observed her out visiting with friends. When she returned home, he confronted her, they argued and he struck her in the face, bloodying her mouth. After he continued to hit her and held a metal can over her head in a threatening manner, she grabbed a pistol and fired one shot which entered his arm and lodged in his chest. The victim ran out of the house, and she followed. When she offered to help him get medical attention, he responded, "Bitch, you're dead." The victim died sometime later as a result of the gunshot.

An expert in the field of domestic violence testified on behalf of the defense concerning the group of symptoms comprising the battered woman syndrome. This expert had conducted a lengthy assessment of the defendant, determined that she exhibited each of the symptoms, and reached the conclusion that she suffered from the battered woman syndrome.

Smith requested three separate jury charges pertaining to the battered woman syndrome. At the conclusion of the charge conference, the court ruled that it would allow defense counsel to explain in closing argument how defendant's experiences as a battered woman affected her state of mind at the time of the shooting. But, in reliance on precedent from this Court, defendant's proposed jury instructions were rejected.[1]

The jury charge included instructions on both murder and voluntary manslaughter. The pattern instruction on justification was given tracking the language of OCGA § 16-3-21 (a). The jury was charged that a person is justified in using force against another person "when and to the extent that she reasonably believes that such . . . force is necessary to defend herself or a third person against the other's imminent use of unlawful force; [and that] a person is justified in using force which is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily injury to herself or a third person or to prevent the commission of a forcible felony." As for self-defense, the jury was instructed that "a defendant is justified to kill or use force against another person in defense of self or others," and that the "standard is whether the circumstances were such that they

---

[1] Defendant's three requested charges were drawn from language by this Court in *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981); *Pugh v. State*, 260 Ga. 874 (3) (401 SE2d 270) (1991); and *Chapman v. State*, 258 Ga. 214, 216 (2) (367 SE2d 541) (1988). While a portion of these requested charges arguably may have been argumentative, others contained neutral and appropriate statements of law previously espoused by this Court. We are unable to reject the requested charges in toto as argumentative.

would excite not merely the fears of the defendant, but the fears of a reasonable person."

Traditionally, the defense of justifiable homicide by self-defense was available only in circumstances where a reasonable person would fear imminent great bodily harm or death — a defendant's particular characteristics were not taken into consideration in determining if his or her actions were reasonable. *Bivins v. State*, 200 Ga. 729 (38 SE2d 273) (1946). The jury could not consider the actual fears of the defendant, id.; instead, the fear of imminent danger had to be that of a reasonable person. *Moore v. State*, 228 Ga. 662 (187 SE2d 277) (1972). Subsequently, juries were permitted to consider how a reasonable person in defendant's particular circumstances would react. In *Daniels v. State*, 248 Ga. 591 (285 SE2d 516) (1981), evidence that defendant was previously attacked by the victim was determined relevant to whether defendant had a reasonable and honest belief in the need for deadly force.

In *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981), this Court recognized the battered woman syndrome as a scientifically established theory.[2] We announced the rule that an expert's testimony is admissible to assist the jury in evaluating the battered woman's defense of self-defense since the expert provided "an interpretation of the facts which differed from the ordinary lay perception. . . ."[3] Id. at 619. Expert testimony was admitted to explain "why a person suffering from battered woman's syndrome would not leave her mate, would not inform police or friends, and would fear increased aggression against herself," because such conclusions are those which "jurors could not ordinarily draw for themselves." Id. The rule pronounced in *Smith* resulted from "the need to treat a unique and almost mysterious area of human response and behavior . . . the complex subject of battered wife syndrome." *Sinns v. State*, 248 Ga. 385, 387 (283 SE2d 479) (1981). As we subsequently explained in *Chapman v. State*, 259 Ga. 706, 708 (386 SE2d 129) (1989), evidence

---

[2] The syndrome has been defined as a series of common characteristics that appear in women who are physically and psychologically abused over an extended period of time by their mate or a dominant male figure in their lives. *Johnson v. State*, 266 Ga. 624, 626 (2) (469 SE2d 152) (1996); *Selman v. State*, 267 Ga. 198, 200 (3) (475 SE2d 892) (1966).

[3] Although the present case involves a woman who has been subjected to continuous abuse by her mate, in *Chester v. State*, 267 Ga. 9 (471 SE2d 836) (1996), this Court recognized the existence of battered person syndrome, i.e., under proper circumstances, battered syndrome evidence may likewise be offered to show that men, as well as women, can develop the syndrome. We note that in recent years, many experts and social scientists have replaced the term "battered woman syndrome" with the term "battering and its effects," in response to research focusing on the effects of battering on women, men, and children. See, e.g., National Institute of Justice, Department of Justice, The Validity and Use of Evidence Concerning Battering and Its Effects in Criminal Trials: Report Responding to Section 40507 of the Violence Against Women Act, NJC 160972 (May 1996).

of battered woman syndrome is admissible to show "that the defendant had a mental state necessary for the defense of justification although the actual threat of harm does not immediately precede the homicide." That is, evidence of past physical abuse is admissible for the limited purpose of illustrating that defendant had a reasonable belief in the imminence of additional physical abuse at the hands of the victim and that, therefore, she was presently justified in acting in self-defense.

Consistent with this concept of the battered person syndrome as an evidentiary component of the defense of justification, the legislature amended OCGA § 16-3-21 in 1993 (Ga. L. 1993, p. 1716, § 2), by the addition of a new subsection (d). Under OCGA § 16-3-21 (d), if a defendant in a prosecution for murder or manslaughter raises a defense of justification, "in order to establish the defendant's reasonable belief that the use of force or deadly force was immediately necessary," the defendant may offer: "(1) Relevant evidence that the defendant had been the victim of acts of family violence or child abuse committed by the deceased," and "(2) Relevant expert testimony regarding the condition of the mind of the defendant at the time of the offense, including those relevant facts and circumstances relating to the family violence or child abuse that are the bases of the expert's opinion." Thus, a defendant who was a prior victim of "family violence or child abuse," may offer battered person syndrome evidence to illustrate his or her reasonable belief in the imminence of the victim's use of unlawful force. *Chester v. State*, 267 Ga. 9 (471 SE2d 836) (1996). It has long been the position of this Court that the battered person syndrome is not a separate defense, but that evidence of battered person syndrome is relevant in a proper case as a component of justifiable homicide by self-defense. *Smith v. State*, 265 Ga. 495 (458 SE2d 347) (1995); *Pugh v. State*, 260 Ga. 874, 876 (3) (401 SE2d 270) (1991); *Chester*, supra; *Selman v. State*, 267 Ga. 198 (475 SE2d 892) (1996). See also *Motes v. State*, 192 Ga. App. 302 (384 SE2d 463) (1989). And we do not deviate from that principal today. We reiterate that evidence that a defendant suffered from battered person syndrome is only another circumstance which, if believed by the jury, would authorize a finding that a reasonable person, who had experienced prior physical abuse such as was endured by the defendant, would reasonably believe that the use of force against the victim was necessary, even though that belief may have been, in fact, erroneous.

Because a defendant is entitled to a charge explaining the theory of the defense, especially if it is the sole defense, specific instructions on the battered person syndrome are appropriate when warranted by the evidence and requested by defendant. Under the present pattern jury instructions, the jury is directed to apply a reasonable person

standard in assessing self-defense.[4] And, as was charged in the present case, the circumstances must be such as would excite not merely the fears of the defendant, but the fears of a reasonable person. The issue in a battered person defense "is not whether the danger was in *fact* imminent, but whether, given the circumstances as [the defendant] perceived them, the defendant's *belief was reasonable that the danger was imminent.*" *Bechtel v. State*, 840 P2d 1, 12 (Okla. Crim. App. 1992). Modification of the justification by self-defense charge is thus necessary both to comport with OCGA § 16-3-21 (d), and "to permit juries to consider the reasonableness of the defendant's belief that the use of force was necessary in light of both [her] circumstances at the time [she] used force, and any psychological condition resulting from such circumstances." *Chester*, supra at 17 (Sears, J., concurring specially).

We take this opportunity to announce the rule that when a battered person syndrome self-defense claim has been properly established, the court should give specific jury instructions on justification by self-defense which are tailored to explain how the defendant's experiences as a battered person affected that defendant's state of mind at the time of the killing.[5]

In accordance with the foregoing, we now require that a modified jury instruction on justification be given in all battered person syndrome cases, when authorized by the evidence and requested by defendant, to assist the jury in evaluating the battered person's defense of self-defense. In addition to the pattern instruction in the language of OCGA § 16-3-21 (a), it is suggested that such modified instruction read as follows:

> I charge you that the evidence that the defendant suffers from battered person syndrome was admitted for your consideration in connection with the defendant's claim of self-defense and that such evidence relates to the issue of the reasonableness of the defendant's belief that the use of force was immediately necessary, even though no use of force against the defendant may have been, in fact, imminent.

---

[4] A person is justified in threatening or using force against another person when, and to the extent that, he/she reasonably believes that such threat or force is necessary to defend himself/herself or a third person against the other's imminent use of unlawful force. A person is justified in using force which is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily injury to himself/herself or a third person or to prevent the commission of a forcible felony. Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), p. 43 (July 1991).

[5] To the extent that *Chester*, supra; *Smith*, supra, 265 Ga. 495; *Pugh*, supra; *Chapman*, supra; *Motes*, supra, and any other authority suggest that a separate jury instruction on battered person syndrome is never authorized, such cases will no longer be followed.

The standard is whether the circumstances were such as would excite the fears of a reasonable person possessing the same or similar psychological and physical characteristics as the defendant, and faced with the same circumstances surrounding the defendant at the time the defendant used force.

This rule is to be applied in all cases now in "the pipeline," i.e., those on direct review or in which a judgment has not yet been rendered. *Taylor v. State*, 262 Ga. 584 (3) (422 SE2d 430) (1992). An application to a pending case will depend upon proper preservation of the issue for appellate review. Id.

Because the evidence established that Smith suffered from battered person syndrome, she was entitled to a requested jury instruction to explain to the jury the relevancy of such evidence as it related to the reasonableness of her belief that the use of deadly force was immediately necessary to defend herself against her husband's imminent use of unlawful force.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

I agree with the majority to the extent that it holds that, in a proper case, the trial court should give a charge on the battered person syndrome. I also agree with the majority as to the phraseology of the charge which should be given. However, I cannot agree with the majority that the judgment in this case should be reversed and, accordingly, I must respectfully dissent.

As the majority acknowledges, the "battered person syndrome" is *not* itself a "defense," but only refers to a certain type of *evidence* which has some limited relevancy in elucidating a justification defense. In this state, a person is justified in threatening or using force against another "when and to the extent that he *reasonably believes* that such threat or force is necessary to defend himself or a third person against such other's *imminent use of unlawful force* . . . ." (Emphasis supplied.) OCGA § 16-3-21 (a). As our prior cases clearly hold, battered person syndrome evidence is admissible for the limited purpose of illustrating the defendant's reasonable belief that the victim's use of unlawful force was imminent, even though the victim's use of unlawful force was not, in fact, imminent. See also OCGA § 16-3-21 (d). The battered person syndrome cannot constitute a separate "defense," since no one is ever justified in committing a present homicide because of past physical abuse. The law acknowledges self-defense as justification, but not revenge. However, evidence of past physical abuse can be relevant to show that the defendant had a rea-

sonable, but incorrect, belief in the imminence of additional physical abuse at the hands of the victim and that, therefore, she was presently justified in acting in self-defense. Battered person syndrome evidence is admissible, not as a separate defense, but in connection with a self-defense claim "as evidence of whether [the defendant] acted in fear of [his or] her life. . . ." *Sanders v. State*, 251 Ga. 70, 74 (3) (303 SE2d 13) (1983). Any defendant who claims self-defense is entitled "to prove the crimes previously committed against him to show his intent and motive in defending himself." *Daniels v. State*, 248 Ga. 591, 593 (1) (285 SE2d 516) (1981). Likewise, any defendant who claims self-defense based upon the battered person syndrome is entitled to offer evidence thereof to show the reasonableness of the belief that the use of force was necessary to defend against the victim's use of imminent unlawful force. In either event, "[t]he jury can decide, when informed of all the circumstances surrounding the attack, whether the defendant's actions meet the [reasonable person] standard." *Daniels v. State*, supra at 593 (1). Evidence that the defendant suffered from battered person syndrome is only another "circumstance" which, if believed by the jury, would authorize a finding that a reasonable person, who had experienced prior physical abuse such as was endured by the defendant, would reasonably believe that the use of force against the victim was necessary, even though that belief was, in fact, erroneous.

Because battered person syndrome evidence has a limited evidentiary relevancy, I agree with the majority that, upon the filing of a proper request, the defendant is entitled to have the jury instructed in that regard. See generally *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978). Moreover, I agree that the charge proposed in the majority opinion is an appropriate charge to be given. This charge properly highlights the relevancy of the battered person syndrome evidence, not the evidence itself. Such an impartial and non-argumentative charge given by the trial court, coupled with argument by counsel for both parties as to the weight to be given to the battered person syndrome evidence, allows the jury to make an informed, but objective, determination as to the claim of self-defense.

Unless a proper request is made, however, it is never error to fail to charge on the limited relevancy of evidence. *Harrell v. State*, supra. Accordingly, this case must be resolved on the basis of a review of the refused requests made by the defendant. If the defendant made a request similar to the one proposed by the majority and the principles of that request were not otherwise charged by the trial court, then the trial court erred in not so charging the jury. In the absence of such a refused request, however, there was no error.

As the majority notes, the defendant's three refused requests all were drawn from language in prior opinions of this Court. However,

the language employed in an appellate court's opinion may embody a sound statement of law and still be too argumentative to qualify as an appropriate jury instruction. *Stull v. State*, 230 Ga. 99, 104 (4) (196 SE2d 7) (1973). The first of the defendant's refused requests was:

> Expert testimony regarding the battered woman's syndrome *authorizes a jury to find* that, notwithstanding any lapse of time since the husband's last assault, the defendant honestly was trying to defend herself although her husband was not at the moment physically attacking her.

(Emphasis supplied.) Assuming that this is a correct statement of the law, it nevertheless also is a highly argumentative assertion that the battered person syndrome evidence "authorizes" a finding in favor of the defendant. Unlike the charge now proposed by the majority, the defendant's refused request argumentatively focuses upon the battered person syndrome evidence itself, rather than upon the neutral legal principle of the limited relevancy of that evidence to the claim of self-defense. "[A] trial court is not required, 'even after request, to specifically point out particular evidence in behalf of the defendants which the jury should specially consider.' [Cit.]" *Chester v. State*, 267 Ga. 9, 12 (2) (471 SE2d 836) (1996). "It is not error to refuse to charge where the request is argumentative, summing up facts favorable to the defendant's theory of innocence. [Cit.]" *Johnson v. State*, 235 Ga. 486, 490 (1) (220 SE2d 448) (1975). "It is not error to refuse to give a requested charge which is argumentative or favors one party's position by applying facts as legal principles. [Cit.]" *Camp v. State*, 181 Ga. App. 714, 716 (2) (353 SE2d 832) (1987). What the evidence "authorizes" a jury to find is a proper subject for argument by counsel, whereas the trial court's charge should be confined to neutral principles of law.

> While it might properly form a portion of the argument of counsel, and contains many reasons and suggestions which might have weight with the jury, it would be going outside of the proper limits for the judge to use such language in instructing the jury upon the law of the case.

*Miles v. State*, 93 Ga. 117, 122 (4) (19 SE 805) (1894).

The second of the defendant's three refused requests was the following:

> You are authorized to consider the testimony of an expert witness as to whether or not the defendant suffered from the battered woman syndrome to assist you in evaluating her

> defense [of] self-defense. In this regard, you may consider the testimony of an expert witness on the battered woman syndrome to help explain why a person suffering from the battered woman syndrome would not leave her mate, would not inform the police, family or friends of her mate's abusive treatment and would fear aggression against herself.

The first sentence of this refused request is a correct statement of the law. However, the second sentence of this refused request is an argumentative statement as to what the battered person evidence "help[s] explain," rather than a neutral statement as to the relevancy of that evidence to the claim of self-defense. Although the battered person evidence may "help explain" the enumerated circumstances, those enumerated circumstances are themselves relevant only because they "help the jury evaluate the credibility of defendant's contention that she had perceived herself in such imminent danger that she shot her husband in self-defense." *Smith v. State*, 247 Ga. 612, 618 (277 SE2d 678) (1981). Accordingly, consistent with the charge proposed by the majority, a trial court, if requested, should instruct the jury that the battered person syndrome evidence was admitted to assist in evaluating the reasonableness of the defendant's belief that the use of force was necessary. However, specific assertions as to how the battered person syndrome evidence illustrates the defendant's claim of self-defense should be a topic for argument by counsel. *Chester v. State*, supra; *Johnson v. State*, supra; *Miles v. State*, supra; *Camp v. State*, supra. " 'A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial.' [Cit.]" *Kessel v. State*, 236 Ga. 373, 374 (2) (223 SE2d 811) (1976). See also *Freeman v. State*, 268 Ga. 185 (4) (486 SE2d 348) (1997). Since, as pointed out, the second sentence of the requested charge was improper, it was not error for the trial court to refuse to give that request.

]The defendant's third refused request was: "Expert testimony regarding the battered woman syndrome *authorizes a jury to find* that the defendant honestly believed her life was in imminent danger and that her husband was going to kill her." As previously discussed, this request is argumentative and was, therefore, properly refused. Counsel was free to argue to the jury what the battered person evidence authorized it to find, but the trial court should not instruct the jury that evidence admitted to illustrate the defendant's claim of self-defense is such evidence as "authorizes" an acceptance of that claim. *Chester v. State*, supra; *Johnson v. State*, supra; *Miles v. State*, supra; *Camp v. State*, supra.

Therefore, in my opinion, none of the defendant's three refused requests was perfect and all were, therefore, properly refused. The

trial court's charge, as actually given, was a correct statement of the law of self-defense. Indeed, the trial court even specifically charged that the "evidence of prior difficulties between the defendant and the alleged victim" had been admitted for the limited purpose of illustrating "the state of feeling between the defendant and the alleged victim and the bent of mind and course of conduct on the part of the defendant." I do believe that a more elaborative charge on the relevancy of the battered person syndrome evidence, such as the one proposed by the majority, should be given in any case in which it is authorized *and* requested on or after August 28, 1997. See *Renner v. State*, 260 Ga. 515, 517 (3) (b) (397 SE2d 683) (1990). Unlike the majority, however, I do not believe that there is reversible error in this case, since the defendant did not make a proper request to charge. Accordingly, I respectfully dissent to the majority's reversal of the defendant's conviction.

DECIDED JULY 14, 1997.

*L. Elizabeth Lane,* for appellant.

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney,* for appellee.

*James C. Bonner, Jr., Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito,* amici curiae.