## S98A1023. MOBLEY v. THE STATE.

(505 SE2d 722)

FLETCHER, Presiding Justice.

A jury convicted Tommye Donell Jonquil Mobley of the shooting death of Waldrick Carroll, Jr.[1] Mobley claimed that he shot Carroll as a result of the battered person syndrome, but the trial court refused

---

[1] The shooting occurred on July 6, 1996, and Mobley was indicted on July 10, 1996. On May 8, 1997, a jury found him guilty of murder and possession of a firearm during the commission of a crime, and the trial court sentenced him to life imprisonment on the murder charge plus five years imprisonment on the weapons charge. Mobley filed a motion for a new trial on June 6, 1997, which was denied in an order filed on August 15, 1997. Mobley filed a

to permit an expert to state her opinion that Mobley suffered from the syndrome, allow Mobley to present evidence of Carroll's acts of violence against third persons, or give a jury instruction on the syndrome. Because Mobley presented insufficient evidence that he suffered from the battered person syndrome, we affirm.

Both Mobley and Carroll were teenagers living with Mobley's grandparents at the time of the shooting. Carroll was the father of Mobley's sister's child. The evidence shows that Mobley shot the victim as he lay on a couch watching television. On the tape of the 911 call, Mobley's aunt says, "My nephew said he shot him." When police arrived, Mobley stated that he felt threatened by Carroll and thought Carroll would try to harm someone in the family. He said in his custodial statement that he got a rifle, loaded it, stood behind Carroll, and shot him one time. The pathologist testified that the path of the bullet was consistent with Carroll being shot from behind. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Mobley guilty of the crimes charged.[2]

1. The state filed a motion in limine to prohibit Mobley from using the battered person syndrome as a defense and introducing evidence of Carroll's acts of violence against third persons. Although the defendant's expert, a clinical social worker, testified at a pre-trial hearing that Mobley suffered from post-traumatic stress syndrome and battered person syndrome, the trial court refused to allow the defendant to present the battered person defense and limited the expert testimony to Mobley's state of mind at the time of the shooting. At trial, she testified that Mobley felt tortured by Carroll, was scared of being sexually attacked and killed by him, and saw Carroll's hand move before shooting him.

The battered person syndrome describes a series of common characteristics that appear in individuals who are physically and psychologically abused for a long time by a dominating and controlling person in their lives.[3] In *Smith v. State*,[4] this Court held that expert testimony on the battered person syndrome is admissible in murder cases to assist the jury in evaluating the defendant's claim of self-defense. We concluded that expert opinion testimony is permitted because the expert's conclusion is one that jurors could not ordinarily draw for themselves. "[E]vidence of past physical abuse is admissible for the limited purpose of illustrating that defendant had

---

notice of appeal on August 26, 1997. The case was docketed in the clerk's office on March 31, 1998, and orally argued on June 9, 1998.

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Johnson v. State*, 266 Ga. 624, 626 (469 SE2d 152) (1996).

[4] 247 Ga. 612, 619 (277 SE2d 678) (1981).

a reasonable belief in the imminence of additional physical abuse at the hands of the victim and that, therefore, she was presently justified in acting in self-defense."[5]

Last year, we held that a modified jury instruction on justification should be given in all battered person syndrome cases when warranted by the evidence and requested by the defendant.[6] The evidence must be more than an expert witness's opinion that the defendant suffers from the battered person syndrome.[7] Among the factors to consider are evidence of a close personal relationship between the defendant and victim;[8] a pattern of physical, sexual, or psychological abuse;[9] and a reasonable apprehension of harm.[10]

Applying these factors, we conclude that Mobley failed to establish a self-defense claim based on the battered person syndrome. Mobley and Carroll did not have a close personal relationship. Rather, they were unrelated young men who lived in the same household for six months and depended on the same adults for shelter and support. Moreover, there was no history of physical or sexual abuse between them and only limited evidence of repeated psychological abuse. The sole evidence of physical abuse was a shoving match months earlier; the only evidence of sexual contact was that Carroll placed his hands on Mobley's buttocks once. Mobley contended that Carroll abused him psychologically by saying repeatedly that he had a gun and would shoot Mobley and his family and by asking Mobley about having sex with him. Although Mobley never saw Carroll with a gun, Carroll would point his finger at Mobley as if it were a gun and say "pow-pow." We find that this evidence does not rise to the level of battering necessary to rely on the battered person syndrome as a basis for a self-defense claim. Therefore, the trial court did not

---

[5] *Smith v. State*, 268 Ga. 196, 199 (486 SE2d 819) (1997).

[6] See id. at 200.

[7] See, e.g., *Freeman v. State*, 269 Ga. 337, 338 (496 SE2d 716) (1998) (describing evidence of stepfather's abuse).

[8] See id. at 339 (holding that jury charge on battered person syndrome should have been given in count charging defendant with the murder of his stepfather but not in count charging him with murder of his stepfather's friend); *Johnson v. State*, 266 Ga. at 625 (battered woman syndrome does not apply when no personal history between the defendant and victim); see also *State v. Riker*, 869 P.2d 43, 48 (Wash. 1994) (expert testimony on battered person syndrome admitted only in cases involving a strong relationship, such as a surrogate father and son or a two-year romantic relationship).

[9] See, e.g., *Smith*, 268 Ga. 196 (evidence that husband beat wife repeatedly during an 18-month marriage, frequently held a gun to her head and threatened to kill her and take her child, and choked her until she lost consciousness); *Chapman v. State*, 259 Ga. 706 (386 SE2d 129) (1989) (evidence that husband frequently beat wife during courtship and marriage, hit and threatened to kill her two days before his death, and beat her for buying new clothes on the day she killed him).

[10] See *Smith*, 268 Ga. at 200 (issue is whether defendant was reasonable in believing danger was imminent based on her psychological condition and circumstances).

err in preventing the defendant's expert from giving her opinion that Mobley suffered from the battered person syndrome, prohibiting Mobley from presenting evidence of Carroll's violent acts against third persons, and refusing to give a jury charge on the syndrome.

2. Mobley raises two further issues concerning expert witnesses. Specifically, he contends for the first time on appeal that the trial court violated his fifth amendment right against self-incrimination by compelling him to undergo a psychiatric examination to rebut his expert's opinion that he suffered from the battered person syndrome and by ordering his expert to make documents available to the state. The record shows that the purpose of the psychiatric examination by the state's expert was to evaluate Mobley's competency to stand trial and insanity defense, which we have held does not violate the privilege against self-incrimination.[11] Because Mobley never challenged the order that he undergo a psychiatric evaluation by the state's expert or objected on fifth amendment grounds to the testimony of the state's expert or document production by his own expert, Mobley has not preserved either issue for appeal.[12]

3. Mobley also raises a claim of ineffective assistance of trial counsel for the first time on appeal. Since appellate counsel was appointed after trial counsel filed the notice of appeal, this issue was raised as soon as possible. Accordingly, we remand for an evidentiary hearing on Mobley's ineffective assistance claim.[13]

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*James J. Lacy, James A. Yancey, Jr.,* for appellant.
*Stephen D. Kelley, District Attorney, Margaret L. Knight, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.

---

[11] See *Strickland v. State*, 257 Ga. 230, 233 (357 SE2d 85) (1987).

[12] See *Ingram v. State*, 253 Ga. 622, 636 (323 SE2d 801) (1984); see generally *State v. Hickson*, 630 So.2d 172, 175 (Fla. 1993) (discussing state court cases addressing whether a defendant who relies on expert testimony concerning the battered person syndrome must submit to an examination by the state's expert).

[13] See *Russell v. State*, 267 Ga. 865, 868 (485 SE2d 717) (1997); *Slade v. State*, 267 Ga. 868, 870 (485 SE2d 726) (1997).