S00A0506. POTTER v. THE STATE.
(530 SE2d 725)

FLETCHER, Presiding Justice.

Al Maynard Potter was convicted of felony murder in the shoot-

ing death of his girlfriend's brother, Jerry McLemore.[1] He alleges that the trial court should not have allowed the state to reopen evidence to introduce newly discovered evidence. Because the trial court did not abuse its discretion in allowing the state to introduce three photographs showing Potter holding a gun, we affirm.

1. The evidence presented at trial shows that McLemore lived with his sister in her two-bedroom apartment. A few weeks before the fatal shooting, Potter and McLemore's sister were fighting in their bedroom when McLemore told Potter that he did not want him hitting on his sister, fired a gun once in their bedroom, and shot a second time in the hallway as his girlfriend, Georgette Cuyler, pulled him away.

Three weeks later, McLemore and Cuyler were alone in the back bedroom of the apartment when someone opened the front door with a key and McLemore went out to investigate. He returned to the bedroom, but was called to come out again. Two shots were fired, and Cuyler heard Potter telling McLemore to "lay his punk a__ down." She escaped out the bedroom's side window and ran home. Testifying in his own defense, Potter said that he shot McLemore in self-defense because McLemore was pointing a gun at him and he was scared to death. Potter admitted that McLemore did not shoot at him, no witness saw McLemore with a gun that day, and no guns were found in the apartment. The pathologist testified that the fatal bullet entered McLemore's left upper chest, exited on the right side of the chest, and reentered the right arm, which was in line close to the body. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Potter guilty of the crimes charged.[2]

2. After the end of testimony but before closing arguments, the state moved to reopen evidence to introduce newly discovered evidence obtained during the lunch break after Potter's testimony. The state sought to introduce three photographs showing Potter holding a gun to rebut his testimony that he had not held a real gun for four or five years. The defendant objected, but the trial court overruled the objection, finding that the photographs were relevant evidence that the jury should consider.

We conclude that the trial court did not abuse its discretion in

---

[1] The shooting occurred on May 15, 1998, and Potter was indicted on August 19, 1998. On April 29, 1999, a jury found him guilty of felony murder and possession of a firearm by a convicted felon, and the trial court sentenced him to life in prison for murder and a five-year concurrent sentence for the possession charge. Potter filed a motion for a new trial on May 3, 1999, which was denied on October 18, 1999. Potter filed a notice of appeal on October 27, 1999; the case was docketed on December 9, 1999, and submitted for decision without oral arguments on January 13, 2000.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

reopening the evidence and allowing the state to introduce the three photographs as rebuttal evidence.[3] The evidence did not become relevant until Potter had presented his defense; the photographs directly contradicted his testimony that he had not held a gun for four or five years; and the evidence was reopened before all of the documentary evidence had been admitted. Given that the victim's relatives gave the photographs to the state only after hearing Potter testify about his unfamiliarity with guns and the state immediately notified the defendant about the photographs, the prosecution did not violate the criminal discovery statute by failing to give prior notice of the photographs.[4]

3. Appellate counsel was appointed after Potter's motion for new trial was denied. Because the defendant raises the issue of ineffective assistance of trial counsel for the first time on appeal, we remand the case for an evidentiary hearing on this claim.[5]

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED MAY 30, 2000.

*Orin L. Alexis*, for appellant.

*Spencer Lawton, Jr., District Attorney, John Hope, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

---

[3] See *Mooneyham v. State*, 251 Ga. 404 (306 SE2d 272) (1983).
[4] See OCGA § 17-16-4 (a) (4).
[5] See *Mobley v. State*, 269 Ga. 738 (505 SE2d 722) (1998).
[1] 40-8-76.1. Use of safety belts in passenger vehicles.