S00A0884. WARE v. THE STATE.
(537 SE2d 657)

BENHAM, Chief Justice.

This appeal is from Vincent Ware's convictions for murder and possession of a firearm during the commission of a crime.[1] Ware

---

[1] The crime occurred on January 8, 1998, and Ware was indicted on March 19, 1998, for malice murder and possession of a firearm during the commission of a crime. His trial, commenced on September 21, 1998, concluded on September 24 with his conviction on both counts. The trial court sentenced Ware to life imprisonment for the murder and to a consecutive term of five years for the firearm possession charge. Ware's motion for new trial, filed October 15, 1998, and amended June 18, 1999, was heard on June 23 of that year and was denied on July 2, 1999. A motion for out-of-time appeal filed on January 12, 2000, was

admittedly shot and killed his uncle and legal guardian, Roy Martin. His defense was justification based on battered person syndrome. During his testimony, the person hired by trial counsel to support the defense with expert testimony discounted the validity of the syndrome. The jury found Ware guilty and the trial court denied his motion for new trial.

1. The evidence adduced at trial was sufficient to authorize a rational trier of fact to find Ware guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Pugh v. State*, 260 Ga. 874 (1) (401 SE2d 270) (1991), overruled on other grounds, *Smith v. State*, 268 Ga. 196, 199 (486 SE2d 819) (1997).

2. The State presented testimony from Martin's girlfriend, his brother, and Ware's mother to establish that Ware was living with Martin because he had disciplinary problems at school and at home. Ware complains that the testimony improperly put his character in issue and should have been excluded.

Without deciding whether testimony regarding disciplinary problems in school places a defendant's character in issue, we conclude that the admission of the testimony was not error. The State's theory of the case was that Ware was committed to his uncle's care by his mother because of disciplinary problems at school and at home, and that the problems continued and strained the relationship between Ware and his uncle, culminating in the killing. Thus, testimony concerning Ware's problems with discipline were relevant to his presence in his uncle's home and to his motive for killing his uncle. "Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue. [Cit.]" *Johnson v. State*, 260 Ga. 457 (2) (396 SE2d 888) (1990).

3. Ware enumerates as error the trial court's denial of his motion for new trial, in which he contended he was denied effective assistance of counsel at trial. Ware bases his claim on counsel's failure to check the credentials of the witness she engaged to present expert testimony. However, as was the situation in *Gosdin v. State*, 272 Ga. 205 (4) (528 SE2d 230) (2000), even if it could be said that the performance of trial counsel was deficient, Ware cannot demonstrate he was prejudiced. To establish the prejudicial effect of counsel's failure to present certain evidence, one "is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of [the] case." *Goodwin v. Cruz-Padillo*, 265

granted on January 18, 2000, and Ware's notice of appeal was filed on January 21, 2000. The appeal was docketed in this Court on February 15, 2000, and was submitted for decision on the briefs.

Ga. 614, 615 (458 SE2d 623) (1995). Because Ware's post-conviction counsel failed at the hearing on the motion for new trial to make any proffer of expert testimony supporting the justification defense, Ware cannot show there is a reasonable probability the results of the proceedings would have been different. "Absent a proffer of what the testimony of [an] expert would have been at trial, [a defendant] cannot show that there is a reasonable probability that the outcome of the trial would have been different had . . . counsel taken the suggested course." *Madge v. State*, 245 Ga. App. 848, 851 (538 SE2d 907) (2000). Accordingly, we are constrained to hold that Ware has not shown on appeal that the trial court's denial of the motion for new trial on the ground of ineffective assistance of counsel was clearly erroneous.

4. Finally, although he alleges no bad faith on the part of the prosecution, and suggests no particular prejudice to his defense, Ware argues that the trial court erred in admitting evidence which Ware contends was not made known to the defense in accordance with the reciprocal discovery provisions of OCGA § 17-16-1 et seq. The challenged evidence consisted of a note written by Ware and a videotape of the crime scene which was made with Ware's participation. The note was provided to trial counsel the day before trial, and the videotape was made known to trial counsel by the State on the morning of trial. When Ware raised the issue of nondisclosure after jury selection, the trial court gave trial counsel an opportunity to review the videotape before trial began.

> This is a permissible response to the State's failure to comply with criminal discovery provisions. [Cit.] Moreover, the evidence would be inadmissible only if [Ware] could show both prejudice and bad faith. [Cits.] Because he showed neither, the trial court properly admitted the evidence after allowing his attorney the opportunity to inspect it.

*Felder v. State*, 270 Ga. 641 (6) (514 SE2d 416) (1999).
*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 23, 2000.

*Mathis, Cannon & Cormack, Billy C. Mathis, Jr., Caroline A. Cormack*, for appellant.
*Kenneth B. Hodges III, District Attorney, Bradford R. Pierce, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.