S10A1189. DEMERY v. THE STATE.
(700 SE2d 373)

BENHAM, Justice.

Appellant Natasha Wynetta Demery was convicted in Cobb County of the felony murder of Alisha Florine Lea, with the

predicate felony being aggravated assault, and possession of a weapon during the commission of a felony.[1] On appeal, appellant contends the State exercised its peremptory challenges in a racially-discriminatory manner, the evidence was not sufficient to authorize the jury's guilty verdicts, and the trial court erred when it declined to give the jury a requested instruction on the law of involuntary manslaughter. After examining the record in light of Demery's enumerations of error, we affirm the judgment of conviction.

1. The State presented evidence that the victim died as a result of a gunshot fired from a .380-caliber pistol that was discharged when it was in contact with the victim's head. Appellant reported the death to authorities and admitted she was pointing the gun at the victim when the fatal shot was fired. Through the testimony of the detective to whom appellant made statements after reporting the victim's death, the State presented evidence that appellant and the victim lived together and, while driving home that night, had been engaged in an argument which resulted in the victim leaving appellant stranded at a fast-food restaurant, appellant arriving home and locking herself in a spare bedroom, the victim gaining access to the spare bedroom and arguing with appellant, appellant exiting the spare bedroom and retrieving a loaded pistol from the master bedroom, appellant chambering a round in the pistol and pointing it at the victim, and appellant using the pistol to poke the victim in the back of the head while telling the victim "Didn't I tell you that the next time you put your hands on me I was going to drop you where you stand?" A detective testified appellant initially told him that she pulled the gun's trigger and later told him the shooting was an accident. Appellant presented a justification defense based on "battered person syndrome," including testimony that she had been the victim of acts of violence committed by the deceased and expert testimony that appellant suffered from the syndrome. See OCGA §§ 16-3-21 (d); 19-13-1.[2]

---

[1] The victim died December 7, 2006. On April 12, 2007, the Cobb County grand jury returned a true bill of indictment which charged appellant with malice murder, felony murder (aggravated assault), aggravated assault (shooting the victim with a deadly weapon), aggravated assault (brandishing a deadly weapon), and possession of a weapon during the commission of a felony. Appellant's trial commenced February 23, 2009, and concluded March 2, 2009, with the jury's return of guilty verdicts on all charges except malice murder. Appellant was sentenced on March 2 to life imprisonment for felony murder and a five-year term, to be served consecutively, for the possession of a firearm conviction, with the aggravated assault convictions deemed by the trial court to have merged into the felony murder conviction. Appellant's motion for new trial, filed on March 16, 2009, amended August 10, and the subject of a hearing held on September 14, 2009, was denied on September 23. Appellant's notice of appeal was filed October 12, 2009, and the appeal was docketed to the April 2010 term of this Court.

[2] OCGA § 16-3-21 (d) authorizes a defendant accused of murder or manslaughter who

Appellant acknowledges that the appropriate standard of appellate review is whether, viewing the evidence in a light favorable to upholding the judgment of conviction, there was evidence from which a rational trier of fact could find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). She points out that the State had the burden of disproving appellant's justification defense beyond a reasonable doubt (*Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999)), and contends the State did not carry its burden.

The defense of justification authorizes a person to use force likely to cause death or great bodily harm when the person reasonably believes such force is necessary to prevent, among other things, imminent death or great bodily harm to the person. See OCGA § 16-3-21 (a). The evidence of battered person syndrome is admissible to show the defendant had the requisite mental state although the actual threat of harm to the defendant did not immediately precede the homicide. *Smith v. State*, 268 Ga. 196, 198-199 (486 SE2d 819) (1997). During appellant's trial, the State presented evidence at odds with appellant's version of events and testimony that appellant had physically assaulted the victim during their relationship. Inasmuch as the credibility of witnesses is a matter for the jury, the jury was not required to believe the testimony of the witnesses supportive of appellant's justification defense and could find that appellant shot the victim under circumstances that did not constitute self-defense. *Sheppard v. State*, 285 Ga. 36 (1) (673 SE2d 852) (2009); *Dickens v. State*, 280 Ga. 320 (1) (627 SE2d 587) (2006). Accordingly, the evidence was sufficient to authorize a rational trier of fact to find appellant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. Citing *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), appellant challenged in the trial court the State's exercise of five of its peremptory challenges against five of the seven African-American members of the venire.[3]

The Equal Protection Clause of the U. S. Constitution prohibits discrimination in jury selection on the basis of race or gender, or the assumption that a venireperson will

---

was a victim of specified acts committed by a person living in the same household (see OCGA § 19-13-1) to support a defense of justification by offering evidence of past physical abuse and expert testimony to illustrate the defendant's reasonable belief that the use of force or deadly force was immediately necessary, although the actual threat of harm did not immediately precede the homicide. *Smith v. State*, 268 Ga. 196, 199 (486 SE2d 819) (1997).

[3] One of the two remaining African-American venire members was struck by appellant, and the other served as an alternate juror.

be biased in a particular case for no reason other than the person's race or gender. [Cit.] Thus, the ultimate issue in a *Batson* challenge is whether discrimination occurred in the selection of the jury. [Cit.] The opponent of the peremptory strike bears the burden of persuading the trial court that the proponent of the strike acted with discriminatory intent in exercising the peremptory challenge. [Cit.] The party challenging the peremptory strike makes out a prima facie case of purposeful discrimination "by showing that 'the totality of the relevant facts gives rise to an inference of discriminatory purpose.' " [Cit.] Once a prima facie case is made, the proponent of the strike is required to set forth a race-neutral, case-related, clear and reasonably specific explanation for the exercise of the peremptory strike. [Cits.] An explanation is not racially neutral if it is based on "a characteristic that is peculiar to any race" [cits.], or a stereotypical belief. [Cit.] It is then for the trial court to determine, after considering the totality of the circumstances, whether the opponent of the strike has shown that the proponent of the strike was motivated by discriminatory intent in the exercise of the peremptory challenge. [Cits.] The opponent of the strike may carry its burden of persuasion by showing that similarly-situated members of another race were seated on the jury. [Cit.]

*Turner v. State*, 267 Ga. 149 (2) (476 SE2d 252) (1996).

The assistant district attorney explained his rationale in exercising the five peremptory challenges at issue, and the trial court found the reasons proffered to be racially neutral. On appeal, appellant challenges only the trial court's ruling with regard to the exercise of the State's peremptory challenge against a woman who taught pre-kindergarten students and was in graduate school in order to be a school counselor. The assistant district attorney stated as his concerns the venire member's goal of being a counselor, her sua sponte question about sentencing, and her status as a crime victim who had terminated the prosecution by dropping the charges. Honing in on the first concern, the ADA pointed out that "counseling and psychology . . . [are] going to be a big part of the defense's case and I don't want people who are going to give strong credibility to psychology and a counselor is going to be one of those people." The State's explanation for the exercise of its peremptory challenge was "race-neutral, case-related, clear and reasonably specific . . ." (id.), and the trial court did not err in so ruling. While there were persons who served on the jury who had taken introductory psychology classes in college and/or had engaged the services of a psychologist,

psychiatrist, or a family/marriage/grief counselor, none of the venire members who had a college degree in counseling or was studying to be a counselor served on the jury.

3. Appellant contends the trial court erred when it declined her request to instruct the jury on the law of involuntary manslaughter found in OCGA § 16-5-3 (b) (lawful act done in an unlawful manner). One who seeks to justify homicide as having been committed in self-defense is not entitled to an additional instruction on involuntary manslaughter resulting from the commission of a lawful act in an unlawful manner.

> [A] defendant who seeks to justify homicide under the "self-defense" statute (OCGA § 16-3-21) is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act (OCGA § 16-5-3 (b)), whatever the implement of death. For if he is justified in killing under OCGA § 16-3-21, he is guilty of no crime at all. If he is not so justified, the homicide does not fall within the "lawful act" predicate of OCGA § 16-5-3 (b), for the jury, in rejecting [the] claim of justification, has of necessity determined thereby that the act is not lawful.

(Citation and emphasis omitted.) *Saylors v. State*, 251 Ga. 735 (3) (309 SE2d 796) (1983). That appellant presented evidence of battered person syndrome does not affect this point of law since battered person syndrome is not a separate defense but is "an evidentiary component of the defense of justification . . . ." *Smith v. State*, supra, 268 Ga. at 199. The trial court did not err when it declined to give a charge on lawful act/unlawful manner involuntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Nicholas G. Dumich*, for appellant.
*Patrick H. Head, District Attorney, Benjamin M. First, Amelia G. Pray, John R. Edwards, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.