### 54963. ANDREWS v. LOVELL et al.

BANKE, Judge.

The appellant, Hoyt Andrews, sued the appellees, Earl Lovell and Carlos Lovell, for damages arising out of an alleged breach of contract. The jury returned a verdict for the appellees. The appellant appeals the denial of his motion for new trial.

1. After beginning its deliberations, the jury returned to the courtroom and informed the judge that they were very confused about the case. The judge explained that he could not assist the jury in sifting through the evidence but offered to explain the law further. The jury then asked that he go over the law "on the contract." The judge recharged the jury on the law applicable to the formation of a valid contract and on burden of proof. Although he raised no objection at trial, the appellant claims he was prejudiced by the judge's failure to recharge the jury on accord and satisfaction. He asks that we review his allegation since there was "substantial error in the charge which was harmful as a matter of law." Code Ann. § 70-207 (c).

The judge was not required to restate his entire

---

[1] "Scarce any man has the means of knowing a twentieth part of the laws he is bound by. Both sorts of law are kept most happily and carefully from the knowledge of the people: statute law by its shape and bulk; common law by its very essence. It is the judges (as we have seen) that make the common law. Do you know how they make it? Just as man makes laws for his dog. When your dog does anything you want to break him of, you wait till he does it, and then beat him for it." Works, Vol. 5, p. 235 (1843).

charge when the jury requested only a partial recharge. See *Burnett v. Doster,* 144 Ga. App. 443 (5) (1978). After reviewing the record, we do not find that the judge's failure to recharge the jury on accord and satisfaction was either "blatantly prejudicial" or "grossly unjust." This enumeration of error is denied. See *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (1) (196 SE2d 149) (1973); *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921) (1976).

2. The appellant introduced into evidence a promissory note representing the balance appellees owed appellant for the purchase of land. On cross examination of appellant, the appellees elicited testimony which showed that the note required appellant to give them written notice and to demand payment upon default and that appellant had not done so. Appellant objected to this testimony on the grounds that the suit at bar was on a later executed contract and that testimony as to his failure to comply with the note's provisions was not only irrelevant but also prejudicial.

Code § 38-1705 insures to every party the right to a "thorough and sifting" cross examination of every witness called against him. The appellant here testified as to certain provisions of the note which were in conflict with the subsequent alleged contract. We agree with the trial judge that the appellees were entitled on cross examination to elicit testimony as to its remaining provisions. See generally *Owens v. Shugart,* 61 Ga. App. 177 (1, 2) (6 SE2d 121) (1939); *Head v. John Deere Plow Co.,* 71 Ga. App. 276 (2) (30 SE2d 662) (1944).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 3, 1978 — DECIDED MARCH 10, 1978.

*Andrew J. Hill, Jr.,* for appellant.
*Herbert B. Kimzey,* for appellees.