## 62684. SIMMONS v. THE STATE.

BIRDSONG, Judge.

Donty Ledel Simmons, representing himself, was tried and convicted of burglary by a jury and sentenced to ten years imprisonment. We affirm.

1. Bruce Bishop testified that he was collecting aluminum cans along the roadside when a burglar alarm went off in a nearby residence. A black person driving a light brown Cougar automobile backed out of the driveway of this house and started down the road towards him, but turned around and left in the opposite direction. Bishop asked the next door neighbor (who was the victim's mother) to call the police and waited there until the East Point Police Department responded to the call. Windows in the rear of the house were forced open and a camera was missing. A set of bloody keys were found in the carport, and there was blood on the carport door and all through the house and basement. A light brown Cougar was found in an apartment complex with a temporary driver's license issued to appellant inside it. The automobile had been loaned to appellant by his aunt, who owned it and reported it to police as stolen at appellant's request. Appellant told her he had had an accident and

his hand was bandaged. Latent fingerprints identified as appellant's were taken from a window in the rear of the house and from the automobile. Appellant fled to California but was extradited, at which time he refused to submit to a court-ordered blood test.

The evidence presented was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offense charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Two weeks prior to trial appellant filed motions requesting the withdrawal of his appointed counsel and to be allowed to proceed as an indigent defendant. He also sought a continuance. Immediately prior to trial, the court heard statements of defense counsel as to his trial preparations in appellant's behalf. Counsel was relieved from representing appellant except to the extent of advice during the trial, but every other pretrial motion made by appellant was denied.

Appellant submits that denial of his motion for continuance was so harmful as to require a new trial. We do not agree. Testimony of the attorney appointed to represent appellant shows that he had assiduously prepared for trial. This attorney was present throughout the course of the trial to advise appellant. Appellant has failed to establish any specific need for a continuance, and a defendant may not use the change or discharge of counsel as a dilatory tactic in making such a request. *Tootle v. State,* 135 Ga. App. 840 (5) (219 SE2d 492); *Standridge v. State,* 158 Ga. App. 482 (2) (280 SE2d 850).

3. The burglary victim, an investigator for Delta Airlines, had rigged up a movie camera to his burglar alarm system so that when the alarm was on, the camera would be activated if the back door was opened. The state laid a foundation for introduction of a movie film of the burglary, but this evidence was ruled out by the trial court sua sponte, outside the presence of the jury, because the film was unclear.

Appellant enumerates as error the failure of the trial court to conduct a pretrial hearing on the admissibility of this evidence or, in the alternative, to take corrective action during the trial. However, no objection was made to the procedure used during the trial, only to introduction of the movie film or still pictures made therefrom, which were not admitted in evidence. Nor do we find any motions of record seeking a pretrial determination of admissibility. Moreover, it was only upon cross examination of the victim by the appellant that any indication appellant could be identified in this film was elicited. Appellant, therefore, has failed to raise an appealable issue. See *Gray v. State,* 156 Ga. App. 117 (1) (274 SE2d 115).

4. In the absence of request, the trial court did not err in failing to order recordation of voir dire, opening statements and closing arguments. *State v. Graham,* 246 Ga. 341 (271 SE2d 627); Code Ann. §

27-2401.

5. Remaining arguments made by appellant in his pro se "Extension Brief" are without merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 16, 1981.

*J. Douglas Willix,* for appellant.
Donty Ledel Simmons, *pro se.*
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Jerry W. Baxter, Assistant District Attorneys,* for appellee.