A96A2348. MASSALENE v. THE STATE.
(480 SE2d 616)

BLACKBURN, Judge.

Emory Massalene was convicted of theft by taking in connection with his failure to return a rental car. On appeal, Massalene argues

that the trial court erred in failing to grant his motion for a continuance of the trial and in failing to recharge the jury on reasonable doubt in response to a jury question. Massalene also argues that there was insufficient evidence upon which to base the verdict.

1. On the morning the case was called for trial, Massalene informed the trial court that he wished to discharge his court-appointed attorney and act as his own counsel. Massalene also asked for a continuance of the trial to prepare his case. The court denied Massalene's motion for a continuance, noting that the case had been on the calendar for some time and finding that Massalene's appointed attorney had provided effective assistance. Massalene elected to represent himself at trial, although the court required the appointed attorney to remain in the courtroom to provide assistance if necessary. Massalene now enumerates the denial of his motion for continuance as error.

"A motion for continuance predicated upon a claim of insufficient time to prepare for trial is addressed to the sound discretion of the trial court, and will not be interfered with unless it is clearly shown that the court abused its discretion." (Punctuation omitted.) *Marcello v. State*, 220 Ga. App. 284 (469 SE2d 252) (1996). "[T]he conduct of the party is a relevant and proper consideration of the judge in the exercise of its discretion in order to prevent a party using the discharge and employment of counsel as a dilatory tactic." *Brannon v. State*, 220 Ga. App. 572, 574 (2) (469 SE2d 716) (1996).

The trial court did not abuse its discretion in denying the motion for continuance. As Massalene's appointed attorney provided effective representation, was prepared for trial at the time of his discharge, and was present throughout the trial to provide advice, Massalene "has failed to establish any specific need for a continuance." *Simmons v. State*, 160 Ga. App. 391, 392 (2) (287 SE2d 338) (1981). Furthermore, the timing of Massalene's decision to discharge his attorney the morning of trial, when the case had been on the calendar for some time, indicates that he was attempting to use the discharge as a dilatory tactic. See *Hobson v. State*, 266 Ga. 638 (2) (469 SE2d 188) (1996).

2. Massalene also argues that the trial court erred in failing to charge the jury on reasonable doubt when it issued a recharge in response to a jury question. However, when the court asked the parties if they had any objections to its recharge, Massalene did not object to the failure to include a reasonable doubt charge, and did not reserve his right to make further objections. Accordingly, his objection is waived. *Russell v. State*, 264 Ga. 121, 122 (3) (441 SE2d 750) (1994).

Furthermore, the failure to recharge the jury on reasonable doubt was not a substantial error which was harmful as a matter of

law, so as to justify reversal even in the absence of objection. See OCGA § 5-5-24 (c). The court properly and fully instructed the jury on reasonable doubt during its initial charge. See *Miller v. State*, 221 Ga. App. 718, 719 (1) (472 SE2d 697) (1996) (in determining whether recharge contains error, must consider original charge as well as recharge). In addition, although the court did not fully restate such instruction during the recharge, it did reiterate that the State must prove intent beyond a reasonable doubt. The court was not obligated to discuss every issue in the recharge, and nothing in the record indicates that the jury required further clarification on the issue of reasonable doubt. *Andrews v. Lovell*, 145 Ga. App. 246 (1) (243 SE2d 666) (1978). Accordingly, this enumeration is without merit.

3. Massalene also challenges the sufficiency of the evidence supporting his conviction. On appeal the evidence must be viewed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines sufficiency of the evidence, and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Viewed in the light most favorable to the verdict, the evidence showed that, on July 14, 1995, Massalene brought a 1984 Volvo automobile in for service to a dealership, Southlake Buick Volvo Subaru ("Southlake Volvo"). Massalene told Southlake Volvo that the car was his, although he did not in fact own the car. Massalene gave a false spelling of his last name, as well as a non-existent home address and a disconnected telephone number.

Because it could not repair the Volvo the same day, the dealership referred Massalene to a rental car company, Express Rent-A-Car. Massalene gave Express a false home address and telephone number, different from the information he had provided to Southlake Volvo. Massalene also gave Express false employment information and a false business telephone number. In addition, Massalene provided Express with two local contact telephone numbers. When Express later called one of these numbers, they were told that no one there knew Massalene. Express was unable to reach anyone at the other number, which Massalene said belonged to his sister. Testimony at trial also showed that the Florida driver's license shown to Express had been suspended in 1986.

Massalene rented a 1995 Mercury Tracer automobile from Express. Massalene signed a rental agreement providing that the automobile must be returned the next day, July 15, although the return date was subsequently extended to July 19. Express advised Massalene that, if law enforcement personnel stop renters in a vehicle after the expiration date of the contract, they will presume the vehicle is stolen.

Massalene did not return the automobile on July 19, and did not contact Express. Express was unable to contact Massalene at any of the telephone numbers provided to Express or Southlake Volvo. On July 20, Express reported the automobile stolen. Massalene was arrested on July 26 while driving the automobile just outside of Thomasville, Georgia, more than 200 miles from the location where he had rented the car.

The jury was authorized from the evidence to find that Massalene unlawfully appropriated the automobile with the intention of depriving Express of such property. See OCGA § 16-8-2; see also OCGA § 16-2-6 (jury may find criminal intent "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted"); *Matthews v. State*, 214 Ga. App. 104 (446 SE2d 790) (1994) (affirming conviction of theft by taking for failure to return rented van). The evidence was sufficient to enable the jury to find Massalene guilty of theft by taking beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 22, 1997.

William H. Turner, Jr., for appellant.
Robert E. Keller, District Attorney, Marion T. Woodward, Assistant District Attorney, for appellee.