## A98A1100. NGUYEN v. THE STATE.
(505 SE2d 846)

JOHNSON, Presiding Judge.

Thu Ha Nguyen was tried by a jury on two counts of aggravated assault for shooting her husband and stepdaughter. At trial, Nguyen sought to justify the shootings based on battered person syndrome. Nguyen did not claim to have been physically abused; instead, she claimed her husband and his children were verbally abusive, disrespectful and unkind toward her. The jury found Nguyen guilty on both counts. She appeals from the convictions entered on the verdict.

1. In two enumerations, Nguyen contends the trial court erred in not allowing her to present expert testimony on the battered person syndrome without there being any evidence that she had been subjected to physical abuse. She argues that evidence that she was verbally abused by the victims is sufficient to allow the expert testimony. Because controlling authority from the Supreme Court holds otherwise, we disagree.

In *Chester v. State,* 267 Ga. 9 (471 SE2d 836) (1996), the Supreme Court held that a defendant seeking to rely on the battered person syndrome to justify her use of deadly force must show she was previously subjected to acts of actual or attempted violence committed by the victims. Id. at 10-11 (2). Verbal threats alone, unaccompanied by actual or attempted violence, cannot authorize reliance upon the battered person syndrome. Id. at 11. The court held further that expert testimony as to the syndrome is not admissible absent a showing of actual or attempted violence perpetrated by the victims. We note that in defining the syndrome, the Supreme Court has consistently included "physical abuse" as one of the requirements. See, e.g., *Johnson v. State,* 266 Ga. 624, 626 (2) (469 SE2d 152) (1996); *Selman*

*v. State*, 267 Ga. 198, 200 (3) (475 SE2d 892) (1996). Accordingly, evidence that Nguyen's husband verbally threatened her and, together with his daughter, was verbally disrespectful or unkind toward her was not sufficient to authorize her reliance on the battered person syndrome.

Nguyen claims we should not follow *Chester* and should overrule the decision because the holding is not supported by case law and because scientific evidence shows that threats and emotional abuse can be as devastating as physical abuse in the development of battered person syndrome. This Court is not authorized to overrule the Supreme Court. If the law needs to be changed, it is a task for the Supreme Court or the legislature.

Moreover, the fact that some scientific research may show that emotional abuse can substitute for physical abuse in creating battered person syndrome does not require our courts to rule that verbal abuse alone supports reliance on the syndrome. As the Court stated in *Chester*, "scientific research and study cannot change this state's long-standing law of justification so as to authorize one against whom only verbal threats were made to evade criminal culpability for the [use of deadly force against] one who verbally threatened [her]. Justification is a legal, not a scientific, concept. . . ." Id. at 11; see OCGA § 16-3-21 (a). These enumerations are without merit.

2. Nguyen contends that the trial court erred in not allowing a political scientist who specialized in Asian culture to testify as to differences between Asian and American cultures. Nguyen, who is Vietnamese, claims the expert's testimony was necessary for the jury to understand her reaction to her husband's and stepdaughter's behavior, since conduct which incited fear in her might not have incited fear in a person born and raised in the United States. We disagree.

First, the fact that verbal threats or verbal abuse might justify the use of deadly force in some cultures is not relevant to whether the use of such force is justified under Georgia law. Second, every aspect of a defendant's background is not relevant to a battered person defense. For example, the Supreme Court of Georgia has held that evidence of justification in battered person cases should be based solely upon the circumstances occurring between the defendant and the victim; evidence that the defendant previously suffered abuse at the hands of other men is not relevant to whether she acted with the fears of a reasonable person under the circumstances. *Clenney v. State*, 256 Ga. 123, 124 (3) (344 SE2d 216) (1986).

We are not persuaded by Nguyen's argument that *Smith v. State*, 268 Ga. 196 (486 SE2d 819) (1997) requires a different result. Nguyen claims *Smith* demands a consideration of the defendant's psychological characteristics; in this case, she argues, her psychologi-

cal characteristics include her Vietnamese upbringing. *Smith* did not involve cultural issues. More importantly, that case involved claims and evidence of physical violence. The Court held in *Smith* that a defendant who was a victim of *family violence or child abuse* may offer battered person syndrome evidence to illustrate her reasonable belief in the imminence of the victim's use of unlawful force. Id. at 199. The Court further reiterated that evidence that the defendant suffered from the syndrome is admissible where it would show that a victim of *physical abuse* would reasonably believe force was necessary. Id. In the case before us, there was no claim or evidence of violence or physical abuse. The trial court did not abuse its discretion in excluding the testimony. See *Selman*, supra.

3. Inasmuch as a battered person syndrome self-defense claim was not raised by the evidence, the trial court did not err in failing to charge the jury as to the syndrome. See generally *Wainwright v. State*, 197 Ga. App. 43, 44 (2) (397 SE2d 456) (1990).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 1, 1998 —

*Westmoreland, Patterson & Moseley, Thomas W. Herman*, for appellant.

*Charles H. Weston, District Attorney, Thomas C. Woody II, Howard Z. Simms, Assistant District Attorneys*, for appellee.