## S99G0014. NGUYEN v. THE STATE.
(520 SE2d 907)

HUNSTEIN, Justice.

Thu Ha Nguyen was convicted of two counts of aggravated assault for the shooting and wounding of her husband and step-daughter. The Court of Appeals affirmed her conviction, holding that the trial court properly excluded expert testimony on the battered person syndrome because verbal threats alone, unaccompanied by actual or attempted violence, cannot authorize reliance upon that syndrome, *Nguyen v. State,* 234 Ga. App. 185 (1) (505 SE2d 846) (1998), and that the trial court did not err by not allowing an expert to testify regarding the differences between Asian and American cultures. Id. at (2). We granted certiorari to consider these two rulings.

The record reveals that appellant was born in Vietnam and moved to the United States in 1980 when she was 23 years old. She married Truond Van Nguyen in 1984. In March 1995 Mr. Nguyen's two adult children from an earlier marriage, whom he had been forced to leave behind in Vietnam, came to live with the couple. The children became a source of conflict and appellant filed for divorce in November 1995. However, appellant continued living in the house while the divorce was pending. Appellant testified that as she was packing to leave, her stepdaughter began to verbally abuse her and threatened to beat appellant, but that the husband intervened and stopped the stepdaughter. Fearing she would be physically attacked, appellant retrieved a handgun, ordered her husband to tie up the stepdaughter's hands, then shot the stepdaughter when she lunged at appellant and thereafter shot the husband as he struggled with appellant over control of the gun. Appellant testified detailing the disrespectful and belittling comments made by her husband and stepdaughter regarding appellant's intelligence, appearance and worthiness as a wife.

1. In an opinion rendered after the Court of Appeals' holding, this Court held that evidence reflecting a pattern of psychological abuse is a factor to be considered in determining whether a self-defense claim based on the battered person syndrome has been established. *Mobley v. State,* 269 Ga. 738, 740 (505 SE2d 722) (1998). We recognized that verbal and/or emotional abuse can warrant the introduction of expert evidence and the giving of a requested charge on battered person syndrome. Accordingly, we disapprove the contrary language in the Court of Appeals' opinion. However, we take

this opportunity to hold that the psychological abuse inflicted on the accused must have been of such an extreme nature that it engendered in the accused a "reasonable belief in the imminence of the victim's use of unlawful force." *Smith v. State*, 268 Ga. 196, 199 (486 SE2d 819) (1997). Psychological abuse which humiliates, embarrasses or abases an individual is deplorable, but such abuse, when unaccompanied by other acts or verbal statements giving rise to a reasonable fear of imminent physical harm, cannot alone justify the admission of expert evidence on the battered person syndrome.

Based on our review of the record, we conclude that the evidence of psychological abuse proffered by appellant to support the admission of her expert's testimony did not rise to the level of battering necessary to rely on the battered person syndrome as a basis for a self-defense claim. See *Mobley*, supra, 269 Ga. at 740. No expert testimony was required to assist the jury in evaluating appellant's self-defense claim because appellant's evidence of verbal abuse could not have instilled in appellant a reasonable belief in the imminence of physical abuse at the hands of the stepdaughter or the husband. Therefore, the trial court did not err by preventing appellant's expert from giving his opinion that she suffered from the battered person syndrome. Id.

2. The battered person syndrome "describes a series of common characteristics that appear in individuals who are physically and psychologically abused for a long time by a dominating and controlling person in their lives." (Footnote omitted.) *Mobley*, supra, 269 Ga. at 739 (1). See also *Johnson v. State*, 266 Ga. 624, 626-627 (469 SE2d 152) (1996). Appellant sought to introduce expert evidence on appellant's Vietnamese religious beliefs, values and cultural traditions in support of her justification defense. The expert testimony proffered by the defense showed the loss of status, humiliation, and possible adverse spiritual consequences to appellant and her family from her husband's failure to maintain appellant's proper position in the household. However, there was no evidence that individuals sharing appellant's cultural background would believe themselves to be in danger of receiving any physical harm as a result of such loss of status and disrespectful treatment.

While we can envision rare situations in which such evidence might be relevant to assist the jury in understanding why an accused acted in the way he or she did,[1] that situation is not present in this case. Accordingly, while we disapprove the language in the Court of

---

[1] For example, there may arise a situation in which an accused, based on the cultural beliefs, value and traditions of his or her family, friends and associates, might reasonably believe imminent physical harm would be inflicted on the accused by the others consistent with that cultural background.

Appeals' opinion to the extent it holds that evidence of a criminal defendant's cultural background is never relevant, we find no abuse of the trial court's discretion in ruling that the cultural evidence proffered by appellant was not admissible here.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Westmoreland, Patterson & Moseley, Thomas W. Herman,* for appellant.

*Charles H. Weston, District Attorney, Thomas C. Woody II, Howard Z. Simms, Assistant District Attorneys,* for appellee.