305 Ga. 653
FINAL COPY

S19A0392.  JONES v. THE STATE.

PETERSON, Justice.

Quinton Jones appeals his conviction for malice murder based on the shooting death of Steven Johnson.[1] He argues that the trial court erred by refusing to admit the first offender plea of a key State witness and by overruling his objection to the admission of his own prior conviction. Because the trial court did not abuse its discretion in refusing to allow Jones to cross-examine the prosecution witness

---

[1] The shooting took place on August 4, 2013. On November 19, 2013, a Bibb County grand jury indicted Jones for malice murder, felony murder predicated on aggravated assault with a deadly weapon, and aggravated assault with a deadly weapon. At an April 2015 trial, a jury found Jones guilty of all charges. The trial court sentenced Jones to life without parole on the malice murder count, and the remaining counts were merged or vacated by operation of law. Trial counsel filed a motion for new trial; the motion was amended by appellate counsel in July 2018. The trial court denied the motion on September 28, 2018. Jones filed a timely notice of appeal, and this appeal was docketed to this Court's term beginning in December 2018 and submitted for decision on the briefs.

about her first offender plea, and because any error in the admission of Jones's prior conviction was harmless, we affirm.

The evidence introduced at trial taken in the light most favorable to the verdicts shows as follows. On August 4, 2013, Lechelle Moore was at her mother's home in Bibb County attending a wake for Moore's grandfather. Johnson, the father of one of Moore's children, was also in attendance. Moore and Jones lived together at the time, but he was not welcome in Moore's mother's home. Jones nonetheless came by the home multiple times that day.

At one point during the wake, Jones and Moore argued in the kitchen. Johnson walked into the kitchen and told Jones, "let's take this outside[,]" suggesting that Moore's mother would "not want to hear that." Jones began to walk outside, with Johnson following. Before Johnson could exit the house, Jones turned and shot Johnson repeatedly. Johnson died as a result of a gunshot wound to the head.

Jones testified at trial that Johnson shot first and he merely returned fire in self-defense. But witnesses, including Moore and her mother, denied seeing Johnson with a gun that night or noticing

Johnson threaten Jones. Police did not find a gun near Johnson's body. All bullets and cartridge cases recovered from the scene and all bullets recovered from Johnson's body were determined to have been fired from the same type of gun, the bullets being fired from one particular gun.[2]

1. Although Jones does not challenge the sufficiency of the evidence, we have independently reviewed the record and conclude that the trial evidence was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that he was guilty of the crime for which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Jones argues that the trial court erred by denying him the opportunity to cross-examine Moore regarding her guilty plea to forgery under the First Offender Act. We disagree.

In seeking to introduce evidence of Moore's first offender plea,

---

[2] The State's firearms examiner also testified that although the cartridge cases were all fired from one particular gun, without having a gun to examine she could not rule out the possibility that the bullets came from one pistol and the cartridge cases came from another pistol of the same type.

Jones argued that the evidence was admissible both to impeach Moore's credibility generally and to show that she had a bias in favor of the State because she ultimately was discharged under the First Offender Act. At a pre-trial hearing, the trial court ruled that the defense could not use Moore's first offender plea because she had successfully completed the first offender program. We review a trial court's evidentiary rulings for abuse of discretion. See Smith v. State, 292 Ga. 620, 624 (5) (740 SE2d 158) (2013). We find no abuse of discretion in the trial court's ruling to exclude evidence that Moore pleaded guilty to forgery.

Jones now acknowledges on appeal that Moore's first offender plea could not be used for the purpose of general impeachment. See OCGA § 24-6-609 (c) ("Evidence of a final adjudication of guilt and subsequent discharge under any first offender statute shall not be used to impeach any witness[.]"). But he contends that he should have been able to cross-examine Moore regarding any bias that she may have had in favor of the State as a result of her discharge under the First Offender Act.

We have recognized that the Confrontation Clause of the Sixth Amendment of the United States Constitution and Article I, Section I, Paragraph XIV of the Georgia Constitution sometimes may require that a defendant be permitted to use a first offender plea for certain purposes, including to show the witness's bias or motive or to contradict the witness's testimony. See <u>Matthews v. State</u>, 268 Ga. 798, 802-803 (4) (493 SE2d 136) (1997). Here, Moore had completed her probation and been discharged without an adjudication of guilt. To the extent that a first offender plea could ever be probative of bias in favor of the State — even post-discharge,[3] Jones did not make the requisite showing before the trial court here. In arguing before the trial court that he should be able to cross-examine Moore with her first offender plea for the purpose of showing bias, Jones made no proffer explaining a relationship

---

[3] But see <u>Rivers v. State</u>, 296 Ga. 396, 401 (5) (768 SE2d 486) (2015) (stating in dicta in case governed by old Evidence Code that "[a] first offender plea may be used to demonstrate a witness' bias or motive to testify in favor of the State *while the offender remains under that sentence*" (emphasis added)).

between Moore's prior discharge and her testimony in his case.[4] Rather, he averred only that the prior case would "show a bias in favor of the State because the first offender has been discharged." This was insufficient, and the trial court did not abuse its discretion in refusing to allow Jones to use the first offender plea in cross-examination.

3. Jones also argues that the trial court erred by admitting evidence of his prior felony conviction. We conclude that any error in this respect was harmless.

During its cross-examination of Jones, the State sought to ask him about his inability to possess a gun lawfully based on his 2003 felony conviction for making false statements to police, arguing that the conviction was admissible under OCGA § 24-6-609 (a).[5] The

---

[4] The State represented at the pre-trial hearing that the "conviction" was "out of 2007" and Moore had been discharged, but it is not clear from the record when Moore was discharged.

[5] OCGA § 24-6-609 (a) provides:
　　　For the purpose of attacking the character for truthfulness of a witness:
　　　　　(1)　Evidence that a witness other than an accused has convicted of a crime shall be admitted subject to the

defense objected on the basis that this would impermissibly put Jones's character into question. The trial court overruled the objection, saying the probative value of the evidence outweighed the prejudicial impact because "[t]he fact that this defendant had a gun and was not supposed to have one is in fact terribly relevant" to the issue of "who shot who and who shot first." Asking to perfect the record further, defense counsel added that the probative value did not outweigh the prejudicial effect and the evidence was not necessary for a fair determination of the issue of Jones's guilt of the charged crimes. The trial court then stated that a prior conviction for making false statements was directly relevant to Jones's

---

provisions of Code Section 24-4-403 if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused; or

(2)  Evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of such crime required proof or admission of an act of dishonesty or making a false statement.

credibility, saying that the evidence had "probative value squared." The State proceeded to elicit Jones's testimony that he had been convicted of making false statements and thus it was illegal for him to possess a gun.[6]

Jones argues that the trial court erred by admitting his prior conviction because the State used it for the purpose of proving that he did not lawfully possess the firearm that he allegedly used to commit the charged crimes. Noting that he was not charged with possession of a firearm by a convicted felon, Jones argues that his prior conviction was not relevant to the charged crimes and created a danger of unfair prejudice, confusion of the issues, or risk of misleading the jury. He also suggests that even if the conviction itself were properly admitted, the trial court should not have allowed the prosecutor to elicit his testimony that the conviction rendered his firearm possession illegal.

But even assuming that Jones properly preserved his claims of

---

[6] The trial court never instructed the jury as to how or for what purpose it was to consider Jones's prior conviction.

error for ordinary appellate review, and that the trial court abused its discretion in admitting evidence of Jones's conviction or the legal disability that accompanied it, issues we do not resolve, any error was harmless. "A nonconstitutional error is harmless if it is highly probable that the error did not contribute to the verdict." Adkins v. State, 301 Ga. 153, 158 (3) (a) (800 SE2d 341) (2017). As noted above, Jones admitted that he shot Johnson. No witness substantiated Jones's self-serving claim of self-defense; rather, witnesses denied seeing Johnson with a gun or threatening Jones. Police did not find a gun near Johnson's body. And the forensic evidence strongly suggested that only one gun was fired at the scene. Thus, we conclude that it is highly probable the outcome of the trial would have been no different had evidence of Jones's conviction or the legal disability that accompanied it not been introduced. See Parks v. State, 300 Ga. 303, 308 (2) (794 SE2d 623) (2016) (any error in admission of defendant's prior aggravated assault conviction in his murder trial was harmless where his "claim of self-defense f[ell] flat" given forensic evidence and defendant's admission that the victim

was unarmed when the defendant shot him); <u>United States v. Sterling</u>, 738 F3d 228, 239 (11th Cir. 2013) (any error in admission of defendant's prior armed bank robbery conviction was harmless in subsequent armed bank robbery trial, given otherwise overwhelming evidence of guilt, including physical evidence, eyewitness descriptions, and unusual behavior of defendant in court).

<u>Judgment affirmed. All the Justices concur</u>.

Decided April 15, 2019.

Murder. Bibb Superior Court. Before Judge Simms.

Christina G. Bennett, for appellant.

K. David Cooke, Jr., District Attorney, Cara R. Fiore, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General, for appellee.