**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 23, 2019**

# In the Court of Appeals of Georgia

A19A0304. PRIESTER v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Melody Louise Priester was convicted of and sentenced for committing the offenses of armed robbery (OCGA § 16-8-41) and hijacking a motor vehicle (OCGA § 16-5-44.1).[1] She argues that the trial court erred in denying her motion to continue her trial, but we find no abuse of discretion. She argues that the trial court erred because, in sustaining an objection by the state, he improperly expressed an opinion on the facts in violation of OCGA § 17-8-57; however, Priester did not make this objection at trial and she has not shown plain error. Finally, she argues that her trial counsel was ineffective in failing to object to bolstering testimony

---

[1] Priester was also convicted of a second count of armed robbery, conspiracy to commit armed robbery, and aggravated assault, but the trial court merged these convictions into her first armed robbery conviction for purposes of sentencing.

from a law enforcement officer, but she has not shown that this performance was deficient. So we affirm.

1. *Facts.*

The evidence introduced at trial, viewed in the light most favorable to the verdicts, see *Jones v. State*, __ Ga. __, __ (__ SE2d __) (Case No. S19A0392, decided Apr. 15, 2019), shows that, a few days after meeting and exchanging telephone numbers with the victim, Priester called the victim early in the morning and asked him to meet her. They met at a gas station and drove in separate cars to an apartment complex. There, Priester got into the victim's parked car, leaving the passenger door open. As she and the victim talked, Priester repeatedly looked in the direction of a building in the complex.

A few minutes later, a man wearing a black hooded sweatshirt appeared from around the corner of the building and walked past the victim's car, then pivoted and began to run toward the victim's side of the car. The man held a pistol and made a comment suggesting that he was going to rob the victim, and the victim fled, leaving his cellular phone in his car. Priester did not run or scream; instead, she got back into her car and drove away, and the man in the sweatshirt got into the victim's car and closely followed Priester out of the apartment complex.

The victim ran to a friend's house nearby and called 911. He gave the dispatcher identifying information about both his and Priester's cars. Soon afterward, a law enforcement officer stopped Priester. A male passenger in Priester's car jumped out of the car and fled. Several items were found in Priester's car, including a black hooded sweatshirt, a gun, the victim's cellular phone, an insurance card for the car stolen from the victim, and an identification card belonging to the victim. The victim's car was recovered the next day.

In a custodial interview, Priester denied knowing the victim, but at trial she admitted that this was a lie. Instead, she testified at trial that the victim had hassled her while she was out with a male friend, who had confronted the victim. She stated that she left the scene when that happened, but she later picked up her friend; the friend then fled when she was stopped by law enforcement, leaving the various items in her car.

2. *Continuance.*

Priester argues that the trial court erred by denying her a continuance, which she sought on the ground that her counsel needed more time to prepare for trial. This matter is within the court's "sound legal discretion," OCGA § 17-8-22, and we will not reverse the trial court's ruling "unless it is clearly shown that the trial court

3

abused [his] discretion." *Massalene v. State*, 224 Ga. App. 321, 322 (1) (480 SE2d 616) (1997) (citation and punctuation omitted).

Priester has not made the necessary showing. She cites to cases such as *Hughes v. State*, 168 Ga. App. 413, 414-415 (2) (309 SE2d 409) (1983), in which trial courts denied continuances even though trial counsel had only recently been appointed. But the same trial counsel had represented Priester for more than a year before she moved for a continuance. The reason this counsel was arguably unprepared for trial was because Priester had stopped working with him while she pursued the possibility of retaining a different lawyer. The record indicates that, for approximately two months leading up to trial, Priester did not respond to her trial counsel's efforts to communicate with her. The trial court was authorized to consider this conduct of Priester in deciding not to grant her a continuance. See *Massalene*, 224 Ga. App. at 322 (1) ("The conduct of the party is a relevant and proper consideration of the judge in the exercise of [his] discretion in order to prevent a party using the discharge and employment of counsel as a dilatory tactic.") (citation and punctuation omitted). See also *Lewis v. State*, 330 Ga. App. 650, 651 (768 SE2d 821) (2015); *Hibbard v. State*, 208 Ga. App. 457 (430 SE2d 824) (1993).

2. *Ruling sustaining objection.*

4

Priester enumerates as error the trial court's ruling sustaining an objection made by the state during her counsel's cross-examination of one of the state's witnesses. But she does not challenge the merits of that ruling; in her appellate briefs she neither argues nor cites to authority for the proposition that the trial court should have allowed the witness to answer the cross-examination question. So to the extent that Priester has enumerated as error the merits of the trial court's ruling, she has abandoned that enumeration. Ct. App. R. 25 (c) (2).

What she does argue is that the words the trial court used in ruling on the state's objection improperly commented on the evidence in violation of OCGA § 17-8-57. We analyze that argument under a plain-error standard of review.

The version of that Code section in effect at the time of Priester's 2014 trial provided:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or the Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or the Court of Appeals may lawfully give.

5

Former OCGA § 17-8-57 (2014). But that version has been superseded. An amended version became effective after Priester's trial but before her appeal.[2] That Code section now provides:

(a)(1) It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused.

(2) Any party who alleges a violation of paragraph (1) of this subsection shall make a timely objection and inform the court of the specific objection and the grounds for such objection, outside of the jury's hearing and presence. After such objection has been made, and if it is sustained, it shall be the duty of the court to give a curative instruction to the jury or declare a mistrial, if appropriate.

(b) Except as provided in subsection (c) of this Code section, failure to make a timely objection to an alleged violation of paragraph (1) of subsection (a) of this Code section shall preclude appellate review, unless such violation constitutes plain error which affects substantive rights of the parties. Plain error may be considered on appeal even when a timely objection informing the court of the specific objection was not made, so long as such error affects substantive rights of the parties.

_____

[2] The trial in this case occurred in 2014, OCGA § 17-8-57 was amended effective July 1, 2015, and the appeal in this case was filed in 2017.

6

(c) Should any judge express an opinion as to the guilt of the accused, the Supreme Court or Court of Appeals or the trial court in a motion for a new trial shall grant a new trial.

OCGA § 17-8-57. As amended, that Code section now provides that, if a party fails to make a timely objection to such a violation, the appellate court will review the claimed error only for "plain error which affects the substantive rights of the parties." OCGA § 17-8-57 (b). That change applies retroactively to our review of this case. See *Roberts v. State*, 305 Ga. 257, 263 (4) n. 4 (824 SE2d 326) (2019); *Willis v. State*, 304 Ga. 122, 128-129 (2) (b) (816 SE2d 656) (2018).

Priester did not object at trial. So the plain-language standard obtains. And as detailed below, we find no plain error.

The ruling that Priester argues violated OCGA § 17-8-57 occurred during the cross-examination of a detective who had interviewed her. Priester's trial counsel asked whether a comment made by Priester during the interview was "the same thing as invoking *Miranda*,[3] the right to remain silent?" The prosecutor objected, stating, "Your Honor, that's been dealt with in previous motion hearings. It's irrelevant

---

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

7

before this jury." The trial court responded, "The objection is sustained. The jury will get a charge." He then directed Priester's counsel to proceed.

Priester argues that, by sustaining the objection in this way, the trial court indirectly informed the jury of how he had ruled in an earlier *Jackson-Denno* hearing. Essentially, she argues that the trial court's ruling informed the jury that he had already determined that Priester's statement to law enforcement was voluntary.

To show that the trial court's ruling was plain error, Priester "must point to a legal error that was not affirmatively waived, the error must have been clear and not open to reasonable dispute, the error must have affected [her] substantial rights, and the error must have seriously affected the fairness, integrity[,] or public reputation of judicial proceedings." *Tyner v. State*, __ Ga. __, __ (4) (__ SE2d __) (Case No. S18A1071, decided March 4, 2019) (citation omitted). She has not made this showing.

Pretermitting the other prongs of the plain error test, "it is hardly clear and obvious that the jurors would have viewed the judge's [ruling] as commenting on the weight of the evidence [as to voluntariness]." *Roberts v. State*, 305 Ga. 257, 263 (4) (824 SE2d 326) (2019). The trial court made no express mention of voluntariness in his ruling. Cf. *Freeman v. State*, 295 Ga. 820, 822 (2) (764 SE2d 390) (2014)

8

(holding that trial court's comment before jury that it found defendant's statement to law enforcement "was freely and voluntarily given" violated OCGA § 17-8-57). To the extent his comments could be construed as anything more than merely a ruling on an objection to testimony, the comments — informing the jury that it would receive an instruction — "would amount to a permissible clarification of procedure that does not address the credibility of witnesses or any fact at issue in the trial." *Roberts*, supra (citations and punctuation omitted). Cases cited by Priester concerning improper statements made by prosecutors in closing argument have no bearing on the issue of whether the trial court in this case violated OCGA § 17-8-57. See, e.g., *Luke v. State*, 236 Ga. App. 543 (512 SE2d 39) (1999); *Spry v. State*, 156 Ga. App. 74 (274 SE2d 2) (1980). Priester has not shown that any error of the trial court "was clear and obvious beyond reasonable dispute," *Roberts*, supra (citation omitted), and so has not shown plain error.

3. *Bolstering.*

Priester argues that her trial counsel rendered ineffective assistance by failing to object to the testimony of a law enforcement officer that bolstered the victim's credibility. To prevail, she

9

must show both that [her] counsel's performance was deficient and that the deficient performance so prejudiced [her] that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different. In reviewing a claim of ineffective assistance, we give deference to the trial court's factual findings and credibility determinations unless clearly erroneous, but we review [the] trial court's legal conclusions de novo.

*Gilmer v. State*, 339 Ga. App. 593, 594 (2) (794 SE2d 653) (2016) (citations and punctuation omitted). The trial court rejected Priester's ineffectiveness claim, finding among other reasons that trial counsel's failure to object was not unreasonable. This was not error.

Priester characterizes as bolstering certain testimony of the lead detective, who was explaining on direct examination a statement he had made during a recorded interview with the victim that he thought the victim's account of events was "a little bit odd." The prosecutor asked the detective whether, after interviewing Priester, he continued to "think [the victim's] story was odd?" The detective stated that he did not, and when the prosecutor then asked, "[w]hat did you think," the detective replied, "I believed he was being truthful with his original statement." Although "[i]t is well established that a witness, even an expert, can never bolster the credibility of another witness as to whether the witness is telling the truth. . . ," *Bly v. State*, 283 Ga. 453,

10

459 (3) (660 SE2d 713) (2008) (citations omitted), Priester's trial counsel did not object to this testimony.

To show that this failure to object constituted ineffective assistance, however, Priester must demonstrate that the failure was constitutionally deficient, which requires her to overcome the "strong presumption that counsel's conduct falls within the broad range of professional conduct." *Gilmer*, 339 Ga. App. at 595 (2) (a) (citation and punctuation omitted). Priester asserts that the "failure of trial counsel to object to or move to exclude evidence that is subject to exclusion will establish the deficient performance prong of an ineffective assistance of counsel [claim]." While it is true that such a failure may support a claim of ineffective assistance, Georgia cases have recognized that the failure to object to bolstering can also be part of a reasonable trial strategy. See, e.g., *Jones v. State*, 292 Ga. 593, 601-602 (7) (d) (740 SE2d 147) (2013); *Rawls v. State*, 315 Ga. App. 891, 896-897 (4) (b) (730 SE2d 1) (2012). At the hearing on Priester's motion for new trial, trial counsel offered a strategic reason for his failure to object. He testified:

> I felt that the defense cross-examined [the victim] thoroughly and effectively. I believe that he was impeached on more than half of his testimony that he presented in court and to the jury. So the fact that the detective stated that he believed [the victim's] story, I kind of hoped that

11

the jury would have taken note of all the inconsistencies that [the victim] presented during the course of the trial and held that against the detective and his statement thereby benefitting Ms. Priester.

The record supports trial counsel's characterization of his cross-examination of the victim, and our Supreme Court has recognized this type of strategy to be reasonable. See *Jones*, 292 Ga. at 601 (7) (d). Because we cannot say that trial counsel's decision was objectively unreasonable under the circumstances, Priester has not shown that the performance was deficient, and so she has not shown that she received ineffective assistance of counsel. See id. at 599 (7).

*Judgment affirmed. McMillian and Goss, JJ., concur*.