**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 14, 2020**

# In the Court of Appeals of Georgia

A20A1080. MARTINEZ-ARIAS v. THE STATE.

MERCIER, Judge.

Following a jury trial, Alejandro Martinez-Arias was convicted of child molestation, aggravated child molestation, and aggravated sexual battery. He appeals the denial of his motion for new trial, arguing that the trial court erred in admitting certain testimony and that he received ineffective assistance of counsel. We affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that the victim and two of her brothers began living with their aunt and Martinez-Arias, the aunt's boyfriend, when the victim was nine years old. On multiple occasions, Martinez-Arias touched the victim's chest when she was alone in the house with him after school. He also entered her bedroom at night, touched her

vagina with his fingers and mouth, and put her hand on his penis. The touchings occurred almost every day and continued until she was approximately 12 years old.

The victim did not immediately report the abuse because she did not know whether anyone would believe her, and she was afraid of what would happen if she told. Eventually, however, she confided in one of her brothers, who informed their grandmother that they needed to come live with her. Her brother also gave the victim a cell phone to record her next encounter with Martinez-Arias. The victim hid the phone in her bed and started recording when she heard Martinez-Arias entering her room that night. The victim and her brothers left the home a short time later and were picked up by their grandmother. They reported the abuse to the police and gave investigators the cell phone with the recording.

The jury found Martinez-Arias guilty of child molestation, aggravated child molestation, and aggravated sexual battery. The trial court denied his motion for new trial, and this appeal followed.

1. Martinez-Arias claims that the trial court erred in admitting testimony from the victim's school counselor that, in his view, was irrelevant and encouraged jurors to consider ethnic stereotypes. He further argues that the counselor's testimony

2

included expert opinions that the State failed to properly disclose to him. See OCGA § 17-16-4 (a) (4) (setting forth requirements for disclosure of expert opinions).

(a) In addition to describing her interactions with the victim, the school counselor offered testimony about Latino culture. The evidence shows that the victim's family is originally from Mexico, and the victim's father lived there. Noting her own Latino heritage and professional experience working with at-risk Latino youth and Latino children who had been exposed to sexual abuse, the counselor began describing what she termed the "machismo" and "collectivistic family" nature of the Latino culture. Martinez-Arias objected, asserting that the testimony contained hearsay, was irrelevant, and was based on expert opinions that had not been previously disclosed to him. The prosecutor responded that she had "provided the foundation for [the counselor] to give personal experience of attitudes she ha[d] witnessed in the Latino culture." The trial court sustained the hearsay objection, but otherwise permitted the testimony.

The prosecutor asked the witness to describe attitudes she had noticed "with the Latino culture and sexual abuse." In response, the school counselor testified about the "machismo culture," in which females "are supposed to be submissive to" the male head-of-household. Martinez-Arias again objected on relevance grounds,

3

asserting that the testimony was conjecture that did not "bear on the facts" of the case. The prosecutor countered that Martinez-Arias had elicited cultural-oriented testimony from the State's witnesses on cross-examination, including that the victim was expected to take part in "older traditional female roles" at home, such as helping her aunt with cleaning and cooking.

The trial court overruled the relevance objection, concluding that "the jury can use the evidence for whatever value, if any, the jury finds in this case." Thereafter, the counselor testified about Latino cultural norms she had observed in cases of child sexual abuse, specifically, that Latino girls reporting such abuse experience guilt, shame, a lack of family support, and difficulty making disclosures. According to the counselor, these victims feel that "it's the girl's fault for opening her legs and the boys are just supposed to be that way, they just have urges." She further stated: "[T]he Mexican culture, in particular, it's taboo – sexual education is a taboo topic among Latinos and a lot more in the Mexican structure, because it's based on religious foundations[.]"

Martinez-Arias argues that the trial court erred in admitting this testimony because "cultural norms around gender and sexuality are not relevant to whether a

crime occurred." Because the evidence tended to explain the victim's behavior, we disagree.

"[T]he term 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401. A trial court has broad discretion in determining evidence admissibility. See *Cherry v. State*, 345 Ga. App. 409, 412 (2) (813 SE2d 408) (2018). And under Georgia law,

> evidence which in connection with other evidence tends, even slightly, to prove, explain, or illustrate a fact is probative and relevant. Doubt as to relevancy should be resolved in favor of admission and against exclusion, with the evidence's weight left to the jury.

Id. (citation and punctuation omitted).

According to Martinez-Arias, the counselor's testimony proved nothing with respect to whether he molested the victim. But the testimony provided context for the several-year delay in the victim's outcry, a relevant issue given "the defense's theory that the allegations of abuse were fabricated." *Alford v. State*, 320 Ga. App. 523, 527 (2) (a) (738 SE2d 124) (2013). Although Martinez-Arias claims that the evidence encouraged "a verdict that took [his] ethnicity into account," the trial court was

5

authorized to conclude that the testimony related to the victim's fear and failure to immediately disclose the abuse, rather than Martinez-Arias's ethnicity. Under these circumstances, the trial court acted within its discretion in deeming the counselor's testimony relevant.[1] See id. at 528 (2) (b); see also *Nguyen v. State*, 271 Ga. 475, 476-577 (2) (520 SE2d 907) (1999) (affirming trial court's decision to exclude cultural background evidence, but noting that such evidence may be relevant in certain cases).

(b) Moreover, the trial court did not err in finding that the counselor's testimony was admissible as lay opinion evidence, rather than expert testimony. Pursuant to OCGA § 24-7-701 (a), a witness's lay opinion testimony is admissible if the opinions are: (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge. "To be rationally

---

[1] We do not address whether the trial court should have excluded the school counselor's testimony under OCGA § 24-4-403, which permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Martinez-Arias did not object to the school counselor's testimony on this ground below. And on appeal, he makes no effort to argue that the trial court's failure to exclude the evidence under OCGA § 24-4-403 (even without an objection) constituted "plain error." See *Davis v. State*, 302 Ga. 576, 581 (2) (805 SE2d 859) (2017) (appellate review of claim that trial court should have excluded testimony under OCGA § 24-4-403 limited to plain error where defendant failed to object to testimony on this ground at trial level).

6

based on the witness's perception and thus qualify as lay opinion, testimony must be based on first-hand knowledge or observation." *United States v. Clark*, 710 Fed. Appx. 418, 421 (II) (11th Cir. 2017) (punctuation omitted).[2]

A trial court exercises its sound discretion in determining whether to admit lay opinion testimony at trial, and we will not reverse the trial court's decision absent an abuse of that discretion. See *Bullard v. State*, 307 Ga. 482, 491 (4) (837 SE2d 348) (2019). No abuse occurred here. The school counselor offered opinions based on her first-hand knowledge and observations as a member of the Latino community and a counselor for at-risk Latino youths. Although she also described her training and the scholarly research she had conducted, "[l]ay witnesses may draw on their professional experiences to guide their opinions without necessarily being treated as expert witnesses." Id. at 492 (4) (citation and punctuation omitted). The evidence supports the conclusion that the counselor's testimony was rationally based on her perceptions, would be helpful to the jury in judging the victim's credibility, and were not based on scientific, technical, or specialized knowledge. Accordingly, the trial court

---

[2] When considering the meaning of OCGA § 24-7-701 (a), "we look to decisions of the federal appellate courts, especially the United States Supreme Court and the Eleventh Circuit, that have construed and applied Federal Rule of Evidence 701, the model for our Rule 701 (a)." *Bullard v. State*, 307 Ga. 482, 492 (4) (837 SE2d 348) (2019).

7

properly exercised its discretion in admitting the testimony as lay opinion evidence. See OCGA § 24-7-701.

2. Finally, Martinez-Arias claims that trial counsel provided ineffective assistance by failing to object to allegedly bolstering testimony. To prevail on this claim, Martinez-Arias must show that counsel's performance was deficient and that, but for the deficiency, a reasonable probability exists that the outcome of the trial would have been different. See *Priester v. State*, 350 Ga. App. 200, 205 (4) (828 SE2d 439) (2019). In reviewing an ineffective assistance claim, "we give deference to the trial court's factual findings and credibility determinations unless clearly erroneous, but we review the trial court's legal conclusions de novo." Id. (citation and punctuation omitted).

On appeal, Martinez-Arias points to the testimony of the victim's Court-Appointed Special Advocate ("CASA"), who accompanied the victim to a forensic interview conducted after the victim's outcry. During the prosecutor's direct examination of the CASA, the following exchange took place:

Q: Now, after you went to the forensic interview with [the victim], did you have any further interaction with [the victim] or her brothers about the case?

A. After the interview was over, after the forensic interview, and we walked out, she looked at me and she said, did I do okay or did I do a good job, something like that. And my response to her was, you told them the truth and that's the best you can do, you told them the truth. And then I believe she was going on to have a physical exam and so at that point then we parted.

Martinez-Arias argues that trial counsel should have objected to this testimony because the CASA improperly bolstered the victim's credibility by stating that the victim "told . . . the truth." At the hearing on Martinez-Arias's motion for new trial, however, trial counsel explained that he did not object because he "did not take [the CASA's testimony] as her commenting on [the victim's] veracity. It was just more of a statement to her trying to console [the victim] or comfort her." Trial counsel further testified: "I'm sure you can split the hair and say [it was a comment on the victim's veracity], but that's not the way I took it and I didn't want to call any more attention to it and act like I was afraid of it."

To establish that trial counsel performed deficiently by not objecting, Martinez-Arias must overcome the "strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." *Priester*, supra (citation and punctuation omitted). Even if the testimony at issue bolstered the victim, failure to

9

object to such testimony can be part of a reasonable trial strategy. See id. at 205-206 (4). And in this case, trial counsel testified that he decided not to object to the CASA's statement because he did not want to draw the jury's attention to it. This was a reasonable, strategic decision. See *Gaston v. State*, 307 Ga. 634, 642 (2) (c) (837 SE2d 808) (2020) (defendant failed to show that trial counsel's decision not to object to evidence was unreasonable where counsel had a strategic reason for not objecting, "[n]amely, such objection would have drawn the jury's attention to the testimony"); *Pitts v. State*, 323 Ga. App. 770, 775 (3) (747 SE2d 699) (2013) (trial counsel's strategic decision to forego objection to avoid drawing jury's attention to prosecutor's allegedly objectionable remark "was reasonable and did not constitute deficient performance"); *Slan v. State*, 316 Ga. App. 843, 847 (2) (c) (730 SE2d 565) (2012) (attorney's failure to object to testimony may constitute reasonable trial strategy, "i.e., avoiding an objection that would draw the jury's attention to the statement") (citation and punctuation omitted).

Martinez-Arias has not demonstrated that trial counsel performed deficiently. His ineffective assistance claim, therefore, fails as a matter of law. See *Priester*, supra at 206 (4).

*Judgment affirmed. Miller, P. J., and Coomer, J., concur*.

10